## O'ROURKE v. RKO RADIO PICTURES, Inc.
### No. 43.

District Court, D. Massachusetts.
May 19, 1939.

Radovsky & Soforenko, of Fall River, Mass., for plaintiff.

Jacob J. Kaplan (of Nutter, McClennen & Fish) and James M. Hoy, both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is a civil action in which the plaintiff alleges in substance that he wrote a story entitled "Girls' Reformatory", and submitted the original manuscript thereof to the defendant for purchase, and that the defendant, having examined and read the manuscript and obtained full knowledge of its contents and authorship, returned it to the plaintiff as unacceptable. Thereafter, according to the bill of complaint, as amended, the defendant, without the plaintiff's knowledge, copied the plaintiff's story and distributed it in motion picture form in a photoplay entitled "Condemned Women". It is averred that "Condemned Women" is substantially similar to the story "Girls' Reformatory". The plaintiff alleges that the defendant derived great profit from the photoplay, asks an accounting of the profits, for punitive damages and for an injunction against further exhibiting by the defendant of the photoplay "Condemned Women".

(1) The defendant's first objection to the plaintiff's interrogatories was waived in open court.

(2) The defendant objects to Interrogatories 2, 3, 5, and 8 to 22, inclusive, 45, 47, and 48 on the ground that they seek discovery of facts not relevant to any of the issues raised by the pleadings.

In its answer the defendant admits that the plaintiff's story was submitted to it, and as to this the pleadings therefore present no issue. The objections to Interrogatories 2 and 3 are therefore sustained.

The 5th interrogatory inquires whether one Robert Sparks received or read the plaintiff's story for the defendant. The plaintiff is entitled to show by interrogatories that the defendant's agent read the story. The objection to the 5th interrogatory is therefore overruled.

Interrogatories 8 to 22 are unobjectionable, except insofar as they inquire into the contents of a communication addressed to the plaintiff's agent. This is set forth particularly in Interrogatory 9. The Federal Rules of Civil Procedure contain adequate provision for the production of this communication and an opportunity to copy it. Rule 36, 28 U.S.C.A. following section 723c. Like considerations apply to Interrogatories 10, 13, and 16, and the defendant's objections thereto are sustained.

The defendant's objection to Interrogatory 45 is sustained.

The defendant's objections to Interrogatories 47 and 48 are overruled as being immaterial.

(3) The defendant's third objection to Interrogatories 50 to 55 is sustained

without prejudice to filing similar interrogatories after the question of liability has been determined. Since this is an action in equity with no need for framing issues for a jury, the court deems it inadvisable to go into the question of damages until after liability has been determined. No such difficulty with reference to the objections to these interrogatories is presented as would exist in a case to be tried by a jury.

My conclusion is that the objections to Interrogatories 2, 3, 10, 13, 16, and 45, and 50 to 55, inclusive, are sustained, and that, as above indicated, the objection to the 9th interrogatory is sustained in part. The objections to the other interrogatories are overruled.