## ANHEUSER-BUSCH, Inc., v. DUBOIS BREWING CO.
### No. 869.

District Court, W. D. Pennsylvania.

Feb. 10, 1943

See, also, 1 F.R.D. 406.

James Grove Fulton and Alter, Wright & Barron, all of Pittsburgh, Pa., and Nims, Verdi & Martin, of New York City, for plaintiff.

Elder W. Marshall, John C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

Plaintiff is seeking to restrain defendant from using the words "Budweiser" and "Bud", alleged trademarks of plaintiff, in connection with defendant's sale of beer.

The complaint alleges that since 1875 plaintiff and its predecessors have continuously used the word "Budweiser" upon their products for the purpose of identifying them. The plaintiff claims to have registered trademarks filed in the United States Patent Office for the word "Budweiser" since March 2, 1886, the last registration being on June 9, 1931.

The complaint further alleges that defendant has been, and is, using the word "Budweiser" in connection with its sales of beer, affixing labels on its beer bottles bearing the name "DuBois Budweiser," and likewise the same name appears on taps where draft beer is sold. This, the plaintiff charges, is confusingly similar to, and an infringment of, the terms "Budweiser" and "Bud," as used in connection with the plaintiff's products.

Plaintiff is seeking an injunction to restrain defendant from using the word "Budweiser" in connection with the sale of its products, and for treble damages against defendant arising from defendant's alleged infringement.

Defendant has answered, denying the validity of plaintiff's trademarks and its right to the exclusive use of the word "Budweiser," denying any unfair competition and asserting its own right to use the words "DuBois Budweiser" in connection with its sale of beer, and averring that in most instances where its "DuBois Budweiser" beer was sold, it had been so sold long before any of plaintiff's products were sold therein. Defendant also denies any unfair competition, and denies that it has passed off its beer on the purchasing public as been produced by the plaintiff. Defendant further asserts that its use of the words "DuBois Budweiser," as the name of its product, was known to plaintiff's predecessor, Anheuser-Busch Brewing Association, prior to September 2, 1908, on which date the rights now claimed by plaintiff in the instant case were asserted by plaintiff's said predecessors in an action filed in the Circuit Court of the United States for the Western District of Pennsylvania. That suit was voluntarily discontinued by plaintiff's predecessor on August 3, 1909, and since then no complaints have been filed by plaintiff, or its predecessors, against defendant, until the suit in the instant case was filed on April 20, 1940.

This case is presently before the court on plaintiff's motion filed on January 11, 1943, under the provisions of Rule 37 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to require defendant to make discovery of its sales of beer since the repeal of prohibition in 1933, and to file a verified statement of such sales in accordance with a stipulation of defendant's counsel in June, 1942, at an examination of defendant's officers at DuBois, Pennsylvania, and recorded in such deposition in the following language: "It is stipulated by and between counsel for plaintiff and counsel for defendant that defendant will cause to be prepared a record of the sales of de-

'fendant's product known as 'DuBois Budweiser' from the year 1905 to date, in so far as it is possible from existing records, and that this will be done as speedily as possible and submitted to counsel for plaintiff in installments as completed. The information contained therein shall be the volume of sales of DuBois Budweiser, by years, and the cities in which it was sold—the latter item to include the volume sold in each such city. The information shall also contain the proportion which the sales of DuBois Budweiser beer to the total sales of the brewery."

The defendant has furnished the information required up to the time prohibition became effective in 1919, but has declined to furnish such information since the date of the repeal of prohibition in 1933.

This refusal was communicated to plaintiff on October 10, 1943, and on October 21, 1942, and re-affirmed on January 5, 1943, in the course of the taking of the deposition of defendant's president, Frank J. Hahne, Jr.

The defendant bases its refusal on the allegation that the information sought about defendant's sales will not be used as evidence in itself on the trial, but instead will be used for the purpose of canvassing beer drinkers in the towns where defendant's beer is being sold, for the purpose of securing depositions of such beer drinkers that they have been confused into believing that they were buying the products of plaintiff.

Whatever the ulterior motive of the plaintiff may be in seeking to secure this information from defendant, we cannot find that such information is necessary for the plaintiff to have in order to try the issues between the parties as to the right of the defendant to use the word "Budweiser" in connection with the sale of its beer. Certainly the places where defendant sells its beer, the names of the customers, and the volume of its sales, are not material to any issues involved in this case. If, on the trial of the case, the court should sustain plaintiff's claimed right to the exclusive use of the word "Budweiser" in connection with the sale of beer, grant an injunction, and enter a decree for an accounting by defendant for damages and profits that would accrue to plaintiff, then the information plaintiff is now asking would be relevant. The defendant should not now be required to give this information.

The plaintiff's motion will be denied. An order may be submitted accordingly by defendant's counsel on notice to plaintiff's counsel.