## JEROME v. TWENTIETH CENTURY–FOX FILM CORPORATION.

District Court, S. D. New York.

Nov. 14, 1944.

O'Brien, Driscoll & Raftery, of New York City (Arthur F. Driscoll, and Milton M. Rosenbloom, both of New York City, of counsel), for plaintiff.

Edwin P. Kilroe, of New York City, for defendant.

CAFFEY, District Judge.

These are motions (1) by defendant to have plaintiff separately state and number the claims alleged in paragraphs 25 to 39 (called herein the second cause of action) of the amended complaint if more than one claim is attempted to be stated therein; (2) by defendant (in its brief and discussed by both counsel) to dismiss a claim of unfair competition if one be stated in the second cause of action; and (3) by plaintiff to compel defendant to answer questions asked in taking a deposition.

Solution of the problem presented requires resort to Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. As I remarked at the oral argument, the lines of demarcation set out in that case are difficult to apply with precision. Cf. Zalkind v. Scheinman, 2 Cir., 139 F.2d 895.

I. The action is for infringement of a copyright. It is alleged that, without proper authority from the author and copyright owner of the song "Sweet Rosie O'Grady," who is the plaintiff, the defendant used the song in its motion picture of the same name and based the picture on the "story" of the song.

The first cause of action of the amended complaint contains the usual allegations concerning plaintiff's authorship and copyrighting of the song. It also contains allegations that the defendant, without plaintiff's permission, copied the song in its motion picture in the song's entirety and as background music. The first cause of action also contains allegations that defendant contributorily infringed the copyright by distributing the film to 10,000 theatres throughout the country for 250,000 performances. Plaintiff alleges that each showing of the picture was a separate infringement.

The second cause of action realleges all but one of the allegations of the first cause of action by reference. It then alleges that defendant not only used the words and music of the song, but also used the title, name, story and characters of the song in the picture. By this means, plaintiff claims defendant misled the public into believing that the use was authorized. Consequently, the plaintiff alleges she has lost her right to sell the song to the movies and has been deprived of a secondary meaning which has accrued around the song and its title, character and episodes.

Defendant contends that the second cause of action contains three claims. These, as it asserts, are for direct infringement, for contributory infringement and for unfair competition. Defendant concedes that the claim for contributory infringement is incorporated into the second cause of action by reference. Although not admitted, such is also the case as to the claim for direct infringement.

The only other allegations in the second cause of action concerning direct infringement are those necessarily employed as basis for the claim in unfair competition.

I feel that the only claim really stated in the second cause of action is the claim in unfair competition. For that reason I think the motion to require the claims in the second cause of action to be separately stated and numbered must be denied.

II. Defendant has further moved to dismiss the cause of action based on unfair competition because of lack of jurisdiction. The jurisdiction of this court in the present action rests solely on the copyright laws.

There is no diversity of citizenship. The test as to when a suit for infringement of a patent, trade-mark or copyright may carry along with it a separate nonfederal cause of action has been laid down in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and expounded by the Circuit Court of Appeals for this Circuit in Zalkind v. Scheinman, 139 F.2d 895. By that test the jurisdiction of the federal question is extended to support the nonfederal question if the proof for the two claims be substantially similar. Zalkind v. Scheinman, supra.

In the instant case neither party has seen fit to submit an affidavit or brief explaining how similar the proof for the unfair competition claim will be to that of the copyright infringement claim.

I can foresee that the main evidence for both causes of action will probably consist of a showing of the moving picture as well as a rendition of the copyrighted song. Proof of the ownership of the song and the rights therein will probably be similar for both causes of action. Unfair competition cases no longer require an element of "palming off" (International News Service v. Associated Press, 248 U.S. 215, 241, 242, 39 S.Ct. 68, 63 L.Ed. 211, 2 A.L.R. 293) and the element of competition is no longer necessary. Associated Press v. K V O S, 9 Cir., 80 F.2d 575, 582; Paramount Pictures v. Leader Press, 10 Cir., 106 F.2d 229, 231.

What I have said means that misappropriation probably is the key to modern unfair competition theory. The second cause of action is drawn mainly to this theory. Since the elements noted above may be missing, it is possible that the proof of the unfair competition cause of action will be substantially similar to the proof for the infringement of the copyright. Because it is possible that the proof will be substantially similar, the motion must be denied, with leave to the defendant to renew it at the trial.

III. Plaintiff has moved to compel defendant, on an examination before trial, to answer a question (minutes of September 5, 1944, pp. 13–23) involving the names and locations of the theatres in which the picture has been shown and the number of screenings given the picture in each theatre.

The song was copyrighted in 1896. The copyright law then protected the owner only against those who reprinted the words and music without permission. 26 Stat. 1106. In 1897 the law was changed to give the copyright owner damages of at least $100 for the first and $50 for each subsequent unauthorized performance. 29 Stat. 481. The law was again changed in 1909 substantially to its present form. This gives the copyright owner the right to sue an infringer for damages or profits. 17 U.S.C.A. § 25 (b), 35 Stat. 1081.

Plaintiff claims that, even though her copyright was issued in 1896, she is entitled to the advantages of the 1897 law. Since neither copyrighting nor infringement took place in the period of 1897 to 1909, the 1897 law is inapplicable. The 1909 statute clearly provides the measure of damages for infringements occurring after the passage of the act. Paragraph (b) of Section 25 of 1909 Copyright Act, 17 U.S.C.A. § 25 (b). See also Section 63 of the Act, apparently not included in the U. S. Code, but to be found in 35 Stat. 1088.

The 1909 Act also as plainly covers a 1943 infringement of a 1923 renewal copyright, especially since a renewal copyright is a new estate. Silverman v. Sunrise Pictures Corp., 2 Cir., 273 F. 909, 911, 19 A.L.R. 289, certiorari denied 262 U.S. 758, 43 S.Ct. 705, 67 L.Ed. 1219.

Since plaintiff's question goes only to the amount of damages, defendant need not answer the question at this time. Anheuser-Busch, Inc. v. Dubois Brewing Co., D.C.W.D.Pa., 3 F.R.D. 336, 337, near bottom of left column.

In its supplemental brief, plaintiff questions the right of defendant to refuse to answer the question since the showing of the film in 10,000 theatres on 250,000 occasions is alleged in the complaint. That is no fault of the defendant. By the amended complaint the plaintiff attempted to make the separate infringements elements of its cause of action; but this was after the defendant had refused to furnish the information asked for.

All the motions are denied, with leave to the defendant at the trial to renew its motion to dismiss the unfair competition cause of action and with leave to the plaintiff, if an accounting be ordered, to renew her motion to compel defendant to answer the question as to screenings of the movie.