**BINGER et al. v. UNGER et al.**

District Court, S. D. New York.

Sept. 24, 1946.

See also 6 F.R.D. 44.

Harry Price, of New York City, for plaintiffs.

Samuel Stephen Baker, of New York City, for defendants.

HULBERT, District Judge.

These are two motions brought on by defendants:

1. To have the case stricken from the jury calendar, and

2. To limit the examination before trial of Samuel L. Unger so as to exclude discovery as to damages or profits and to exclude discovery of the effective dates of prior patents and prior uses relied upon by defendants unless plaintiffs simultaneously disclose the dates of the conception and reduction to practice of the invention of the patent in suit.

The amended complaint filed July 2, 1946, prays an adjudication that patent No. 2,078,873 is valid and infringed, and for damages *and profits*. The *amended complaint,* the counterclaim and the reply as well, set forth the issues of validity. The issues of patent validity and infringement may be tried to a jury where the complaint seeks no injunctive relief *or other equitable remedy.* Van Alen v. Aluminum Co. of America et al., D.C., 43 F.Supp. 833.

No injunctive relief is sought by the plaintiffs but the defendants contend that the word "profits" supplementing the word "damages" necessarily implies an accounting which, being in the nature of equity relief, defeats the right to trial by jury.

In Beaunit Mills Inc., v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563, 565, the Circuit Court of Appeals said:

"It is true that on issues of patent infringement a jury trial may be had under a claim for damages only * * * as distinguished from a claim for injunction and accounting of profits."

However, Public Law 587, 79th Congress Chap. 726, approved August 1, 1946, amended 35 U.S.C.A. § 70. It provides in part:

"* * * upon a judgment being rendered in any case for an infringement the complainant shall be entitled to recover general damages which shall be due compensation for making, using, or selling the invention, * * *"

"This Act shall take effect upon approval and shall apply to pending causes of action in which the taking of the testimony has not been concluded * * *"

■ It would thus appear that profits can now, under the above statute, be included in general damages and recovered.

Rule 38(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides in substance that any party may demand a trial by jury of any issue triable of right by jury at any time after the commencement of the action but not later than 10 days after the service of the last pleading directed to such issue.

■ In the answer, filed July 19, 1946, the defendants included a counterclaim against the plaintiffs. In part, this counterclaim denies the validity of the patent in suit. Plaintiffs interposed a reply to this counterclaim on August 9, 1946, in which they deny the allegations in the counterclaim with respect to validity. So that, these pleadings were, at least in part, directed to the issue triable by right of jury. The demand for jury trial was filed on August 17, 1946, within 10 days after the service of the last pleading directed to the issue triable by jury, and the defendants cannot deprive plaintiffs of their right to a trial by jury by the fact that the defendants seek an injunction and a declaratory judgment. Van Alen v. Aluminum Co. of America, et al., D.C., 43 F.Supp. 833.

Defendants' motion to strike the case from the jury calendar is denied.

Passing to the second motion of the defendant to limit:

■ So far as limiting the examination before trial to exclude discovery as to damages or profits and of the effective dates of prior patents and prior uses relied upon by defendants', the court likewise feels that a liberal construction of the Rules should be given, and that part of defendants motion will also be denied. It should be noted that the Rules also afford the defendant the use of discovery should he elect to make use of same. Settle order on notice.