## GAYNOR v. ATLANTIC GREYHOUND CORPORATION.
### Civ. A. No. 7114.

United States District Court
E. D. Pennsylvania.

Sept. 30, 1948.

Freedman, Landy & Lorry, of Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, of Philadelphia, Pa., and William S. Hope, of Charleston, S. C., for defendant.

KIRKPATRICK, Chief Judge.

This is a motion by the plaintiff to compel further answers to his interrogatories.

The plaintiff's first interrogatory was as follows: "State all the facts relating to the alleged accident to the plaintiff, his injuries and his claim for damages, as to which you or your underwriters have obtained information through witnesses, agents, or other representatives." [1]

The defendant answered by saying that all the facts as to which he or his underwriters had obtained knowledge are contained in statements of certain witnesses, which statements the defendant attached to his answer. He then says "Additional information and facts received by * * * one of defendant's attorneys, in personal interviews with * * * witnesses * * * is not attached because defendant is informed and believes that such information * * * is part of the 'work product' of defendant's attorney in the preparation of the defense to this claim, and the communications * * * are privileged communications unavailable to plaintiff."

[2] Under the ruling of the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 390, 91 L.Ed. 451, the defendant cannot be compelled to produce either the originals or copies of statements of witnesses taken by his lawyer in the course of his preparation for the trial.

However, the opinion in Hickman v. Taylor, supra, states unqualifiedly that "A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." A fortiori, he cannot refuse to answer interrogatories on the ground that the information is within the knowledge of his attorney and himself.

1 This is a general interrogatory which has been approved by this Court. The form was worked out at a conference with several of the active trial lawyers in this Court in an effort to eliminate the necessity for the mass of minutely detailed interrogatories which had become customary and which had been found to be extremely burdensome to answer. In the present case there is no objection to the form of the interrogatory.

. The plaintiff has asked generally for facts known to the defendant. The defendant's answer gives some facts, states that there are additional facts known to him, and refuses to produce the written statements of witnesses from whom he got his knowledge of the additional facts. But the interrogatory does not ask for the statements or copies of them. It asks only for the facts. These facts if relevant and nonprivileged may not "remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." Hickman v. Taylor, supra, 329 U.S. at page 511, 67 S.Ct. at page 394, 91 L.Ed. 451.

This case involves an accident to a passenger in one of the defendant's buses. Merely for the purpose of showing where the defendant's contention would lead, suppose that the bus driver had been interviewed by the defendant's attorney and by no one else [2] and his statement taken down by the attorney and transmitted to the defendant. Suppose further that the statement showed some vitally important fact unknown to the plaintiff and furnishing strong evidence of defendant's liability. If the defendant's position were the law, he could refuse to disclose that fact to the plaintiff, in response to any interrogatory, in spite of the fact that the plaintiff did not ask for and does not desire the production of either the original statement or a copy of it. To so hold would be to convert the carefully limited and guarded rule of Hickman v. Taylor, supra, into an instrument for the practical nullification of the most valuable part of the discovery procedure set up by the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The defendant is directed to further answer the plaintiff's interrogatory by stating any relevant fact known to it whether obtained from statements taken by its attorney or otherwise not contained in the statements of witnesses attached to its answer.

---

[2] This is not the situation in the present case. The statement of the bus driver is one of those which the defendant has attached to his answers to the interrogatories.