## SMITH v. BENTLEY et al.

United States District Court
S. D. New York.

Oct. 5, 1949.

Stuart Sprague, New York City, and William H. Peck, Jr., New York City, for plaintiff.

Wattenberg & Wattenberg, New York City, for defendants Tams-Witmark Music Library, Inc., Witmark Music Library and Robert B. Smith.

3. Bowles v. Goebel, 8 Cir., 151 F.2d 671, 674.

490

Phillips, Nizer, Benjamin & Krim, New York City, for defendant Spencer Bentley.

HULBERT, District Judge.

Plaintiff moves for an order directing defendants Witmark Music Library and Tams-Witmark Music Library Inc. to produce certain books, papers and documents listed in plaintiff's notice of examination of said defendants, and also directing the defendants to answer certain questions which they have heretofore refused to answer on the examination before trial. The objections of the two named defendants may be summarized as follows:

1. The notice to produce, contained in the notice of examination, is not sufficient, since plaintiff must proceed by subpoena duces tecum under Rule 45, Federal Rules of Civil Procedure, 28 U.S.C.A. to secure the production of documents.

2. Some of the correspondence sought by plaintiff contains privileged communications between attorneys for defendants.

3. Some of the questions asked by plaintiff seek privileged matter since the witness under examination is an attorney (as well as an officer of the defendant).

4. Some documents sought, and some questions asked, relate to the amount of money in controversy, and, defendant contends, this information is sought prematurely, before any liability on the part of the defendant is established.

■ Defendant's first objection, regarding the necessity of a subpoena duces tecum, is overruled. The notice of examination was directed to the defendant who could have moved pursuant to Rule 30(b) if they objected to any part of it. We hold that the notice to produce contained in the notice of examination of a party to the action was sufficient to require the defendants to produce the books and documents. Society of Independent Motion Picture Producers v. United Detroit Theatres Corp., D.C., 8 F.R.D. 453.

On the defendant's objections on the ground of privilege, it must be noted that the defendants under examination, in paragraph twenty-second of their answer, plead: "That the defendant, Witmark Music Library, paid a portion of the royalties referred to in paragraph Eighteenth of this answer to defendant, Spencer Bentley, *upon advice of its counsel,* that he was legally entitled thereto, * * *." (Italics for emphasis.)

■ The Court is of the opinion that any privilege attaching to any documents or conversations between the defendants under examination and their attorneys relating to the "advice" referred to in the above quoted paragraph has been waived by the defendants by pleading it in their answer. The defendants have deliberately injected the advice of their counsel as an issue in the case. This makes inquiry on this subject relevant to the issues, and because of the waiver of privilege, defendants cannot refuse to answer questions on the ground of privilege. Cf. Brockway Glass Co., Inc., v. Hartford-Empire Co., D.C., 36 F.Supp. 470.

The witness under examination, who is attorney for the Witmark defendants, has also objected to the production of correspondence between him and the attorneys for defendant, Spencer Bentley, and he further objected to testifying as to conversations between himself and the attorneys for Spencer Bentley relating to the payments made to Bentley. These objections have been based upon the assertion that the documents and questions related to are privileged communications between attorneys for the defendants.

■ The plaintiff urges that no privilege was attached to these communications because no attorney-client relationship existed between the attorneys for the defendants. Plaintiff also asserts that, since the witness is also the secretary of defendant Witmark Music Library, no privilege can be claimed by him. The Court, however, will sustain the defendants' objections to this line of examination of this witness. There is no showing by plaintiff that there is no officer of Witmark Music Library available for examination other than its secretary, who also is its attorney. The Court would be most reluctant to require counsel for one defendant to testify concerning conferences with counsel for other defendants. Such a requirement might well prejudice defendants in the presentation of

their case. Although the situation in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, was not precisely akin to the instant one, the Court believes that the reasoning of the Supreme Court supports the conclusion reached on this question.

■ The defendant's fourth objection, that plaintiff is not entitled to seek information relating to an accounting of the money paid to defendant Bentley until liability has been established, is overruled. The Court is of the opinion now, as it was in 1946, see Binger v. Unger, D.C., 7 F.R.D. 121, that the question of the amount of damages may be explored in an examination before trial. Fox v. House, D.C., 29 F.Supp. 673; The Exermont, D.C., 1 F.R.D. 574; The Velox, D.C., 36 F.Supp. 929; Brewster v. Technicolor, D.C., 2 F.R.D. 186. There is nothing in defedants' papers to indicate that such inquiry would be burdensome or oppressive at this time. Rather, the testimony already taken indicates that defendants have made an accounting and that it was available at the examination.

Motion granted to extent indicated herein; no costs or expenses allowed to either party. Settle order on notice.