MARCIA SHERR, Plaintiff, v. VERNON O. EAST and BARRY KUTCHINSKY, Defendants.

AND

ALAN SHERR, Plaintiff, v. VERNON O. EAST and BARRY KUTCHINSKY, Defendants.

(*February* 9, 1950.)

LAYTON, J., sitting.

*Clement C. Wood* for Plaintiffs Sherr.

*William Prickett* for Defendant Kutchinsky.

*Albert L. Simon* for Defendant East.

Superior Court for New Castle County, Civil Actions Nos. 385 and 386, 1949.

LAYTON, Judge.

I am of the opinion that Kutchinsky should not be compelled to admit matters of fact already admitted by his answer and concerning which there is no issue. *O'Rourke* v. *RKO Radio Pictures, Inc., (D. C.) 27 F. Supp. 996.*

Plaintiffs, however, argue that even though this may be correct as between themselves and Kutchinsky, yet, the facts sought to be elicited by the request would aid them in combatting East's defense of imputed negligence between parties to a joint venture. The short answer to this is that Rule 36, identical with the Federal Rules of Civil Procedure, rule 36, 28 U. S. C. A., was not designed to elicit the genuineness of documents and truth of facts from one of two joint tort Defendants for use against the other. Matter such as this, obtained without notice to the other Defendant, who has no opportunity to cross-examine concerning it, is plainly not admissible against a joint tort-Defendant at the trial. The facts sought to be obtained under Rule 36 are readily accessible by way of our other Discovery Rules.

Kutchinsky's objection sustained.