## FUL–VUE SALES CO. v. AMERICAN OPTICAL CO.

United States District Court
S. D. New York.
Feb. 1, 1951.

Darby & Darby and Robert P. Patterson, New York City, for plaintiffs by Francis J. Sypher, New York City.

Root, Ballantine, Harlan, Bushby & Palmer, New York City, for defendants.

BONDY, District Judge.

By interrogatories 1, 2, 6, 11, 13, 15 and 17 information is sought as to how many units embodying the invention of certain patents the defendant has manufactured, how many it has sold to specified companies and at what price, and how many units

have been produced by a named licensee. They thus relate solely to the question of damages.

In substance the complaint alleges infringement and joint venture and seeks an injunction and accounting.

As to suits of this nature, Justice Cardozo, speaking for a unanimous Supreme Court, said in Sinclair Refining Co. v. Jenkins Petroleum Process Co., 1932, 289 U.S. 689, 693, 53 S.Ct. 736, 737, 77 L.Ed. 1449: "There are times when a suit is triable in separate parts, one affecting the right or liability, and the other affecting the measure of recovery. In suits of that order a discovery as to damages will commonly be postponed till the right or liability has been established or declared. (Citing cases and texts). As a general thing it will be useless to decree it any earlier, and may even be oppressive. 'The principle of judicial parsimony' (L. Hand, J., in Pressed Steel Car Co. v. Union Pacific R. Co., supra, D.C., 240 F. 135), if nothing more condemns a useless remedy. This division of the trial into stages or installments will happen oftenest in suits in equity, though it is not unknown in actions at law where a jury has been waived. In equity it is common practice. Thus, a suit to establish a partnership or to restrain the infringement of a patent culminates, if successful, in an interlocutory decree, which will be followed by an accounting and a discovery of documents. In these and like cases, the accounts will not be probed until the right has been adjudged."

Although the Sinclair case antedates the present Federal Rules of Civil Procedure, its principle that a party may be protected from annoyance, embarrassment or oppression in the discovery process has been embodied in Rule 30(b) and (d), 28 U.S.C.A. In Smith v. Bentley, D.C., 9 F.R.D. 489, and The Exermont, D.C., 1 F.R.D. 574, relied on by plaintiffs, interrogatories as to damages were allowed. But in both of those cases it was stated that it had not been shown that such inquiry would be burdensome or oppressive.

In the present case, however, it would be oppressive and burdensome, and involve useless time and labor, to compel defendant to divulge this information before the plaintiffs have established a right to the relief claimed, especially in view of the fact that such information may be of aid to defendant's competitors, and thus prejudice defendant. See Jerome v. Twentieth Century-Fox Film Corp., D.C., 58 F. Supp. 13; 4 Moore's Federal Practice par. 26.18 (2d ed., 1950). It also may be noted that one of the plaintiffs here is engaged in other litigation against this defendant.

The defendant's objections to the said interrogatories accordingly are sustained.