## PROTEXOL CORP. v. KOPPERS CO., Inc.

United States District Court
S. D. New York.

April 26, 1951.

E. John Ernst, Jr., New York City, for plaintiff.

Cooke, Armstrong & Grant, New York City for defendant.

KNOX, Chief Judge.

Plaintiff has moved to have this case transferred from the Non-Jury Calendar to the Jury list of causes.

The complaint recites three claims; infringement of a patent, wrongful use of trade secrets disclosed to defendant, and unfair competition in the use of a trademark. On each count, an injunction is sought against the illegal conduct alleged against defendant, together with an accounting for profits and damages resulting therefrom.

The trade secret and unfair competition claims are essentially equitable in nature. Injunctions are asked, and, in keeping with equity's object to grant complete relief, an accounting. Claims such as those here set forth are not triable by jury at common law and do not come within the purview of either the Seventh Amend-

ment of the Constitution or Rule 38(a), Fed.Rules Civ.Proc. 28 U.S.C.A.

██ Plaintiff contends, however, that, in regard to the alleged patent infringement, it has stated one claim under 35 U.S.C.A. § 67 for damages, and that this is triable by jury as of right. It also asserts a separate equitable claim under 35 U.S.C.A. § 70, and asks for injunctive relief. Such a construction of the complaint is untenable. Section 70 specifically provides for the recovery of general damages in actions that are brought pursuant to its terms. Thus, once equitable relief is demanded the entire claim falls within, and is disposable under, the provisions of Section 70. A separate action on the case for damages does not persist. The correct rule is clearly stated in Binger v. Unger, D.C.S.D.N.Y., 1946, 7 F.R.D. 121: "The issues of patent validity and infringement may be tried to a jury where the complaint seeks no injunctive relief *or other equitable remedy.*" Id. 7 F.R.D. at page 121.

Jury trials in patent cases have been denied where an injunction against infringement was part of the relief sought. Bellavance v. Plastic-Craft Novelty Co., D.C.Mass., 1939, 30 F.Supp. 37; see, Beaunit Mills v. Eday Fabric Sales Corp., 2 Cir., 1942, 124 F.2d 563, 565–566. Accord: Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862, certiorari denied, 1947, 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393; Bereslavsky v. Caffey, 2 Cir., 1947, 161 F.2d 499, certiorari denied, 1947, 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355.

Plaintiff urges further that defendant's answer sets up two counterclaims triable by jury, and, inasmuch as the issues of the counterclaims are closely related to those raised by the complaint, the whole case is one for a jury.

Defendant's first counterclaim is for a declaratory judgment that plaintiff's patent is invalid and not infringed. In addition, defendant seeks to have plaintiff enjoined from prosecuting any action charging infringement of the patent.

The second counterclaim asks treble damages under the anti-trust laws for restraints upon competition growing out of plaintiff's conduct with regard to the allegedly invalid patent and trade secrets. There seems no doubt that, if timely demand is made, this claim is triable by jury as of right. Ring v. Spina, 2 Cir., 1948, 166 F.2d 546, certiorari denied, 1948, 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368; Hartford-Empire Co. v. Glenshaw Glass Co., D.C.W.D.Pa., 1943, 3 F.R.D. 50; see, Container Co. v. Carpenter Container Corp., D.C.Del., 1949, 9 F.R.D. 261, 262.

██ However, the first counterclaim, which attacks the patent, is equitable in nature in the light of the request for an injunction in addition to the declaratory judgment. An almost identical claim was not considered triable by jury when alleged on behalf of the plaintiff in Ryan Distributing Corp. v. Caley, D.C.E.D.Pa., 1943, 51 F.Supp. 377.

██ Even if the counterclaim sought only a declaratory judgment that the patent is invalid and uninfringed, without a prayer for an injunction, it would not, of itself, entitle either party to a jury trial of the issues. The counterclaim is permitted only to prevent the matter from remaining undecided if plaintiff withdraws his suit, and, by not injecting a new issue into the case, does not color or affect the action in any other way. As was said in Van Alen v. Aluminum Co. of America, D.C. S.D.N.Y., 1942, 43 F.Supp. 833: "It does not in fact contribute a new or additional issue. Consequently, unless the complaint is abandoned, there is no additional issue tendered by the counterclaim which requires a separate trial with or without a jury." Id., 43 F.Supp. at page 835. Hence, the manner of trial of such a counterclaim becomes relevant and determinative only if the complaint is not prosecuted.

██ Many of the issues raised by the anti-trust counterclaim will have been foreclosed upon trial of the patent, trade secret, and trademark issues to the court. However, if plaintiff insists on trying the anti-trust counterclaim by jury, it will be

severed, to be tried following the main case. Plaintiff's demand for a jury trial was timely served, and the delay in filing will not be held unreasonable. See Rules 5(d), 38(b), F.R.C.P.

Submit order in conformity to this opinion.