**J. R. WOOD AND SONS, Inc.,**
**Plaintiff,**
v.
**REESE JEWELRY CORPORATION,**
**Defendant.**

United States District Court
S. D. New York.
July 16, 1956.

**392**

Howson & Howson, New York City, for plaintiff, Margaret W. Smith, New York City, of counsel.

Robert E. Burns, New York City, for defendant.

HERLANDS, District Judge.

Defendant's objections to plaintiff's interrogatories numbered 4, 5, 7, 8, 15 and 16 are sustained; defendant's objection to plaintiff's interrogatory numbered 9 is overruled.

Neither party disputes the proposition that, if the above numbered interrogatories relate solely to the secondary issue of damages, their answer should await a determination of the primary issue of liability. Thus, the decisive question is whether the challenged interrogatories have any relevance to the issue of defendant's liability, as posed by the complaint.

The complaint alleges trademark infringement and unfair competition. However, an analysis of the complaint reveals that the allegations of unfair competition herein are essentially the same as those of trademark infringement; and that there is, in reality, only one issue, viz., whether defendant's trademark "Art Crest" is an infringement of plaintiff's trademarks "Art Carved" and "Woodcrest." Defendant has admitted the sale of finger rings bearing the trademark "Art Crest."

The Court of Appeals for this Circuit has recently had occasion, in Maternally Yours, Inc. v. Your Maternity Shop, Inc., 2 Cir., 234 F.2d 538, 542, to recapitulate the elements to be considered in determining whether a party has been guilty of trademark infringement. Circuit Judge Waterman said:

"It is not necessary to show actual cases of deception or confusion * * * since the test is the likelihood that an appreciable number of ordinarily prudent purchasers will be confused. * * * An intent on the part of an alleged infringer to palm off his products as those of another is, of course, a relevant factor in determining the likelihood of consumer confusion.

\* \* \* But it is only one of the factors which should be carefully weighed, such as the degree of similarity between the trade-marks in appearance and suggestion, the strength of the plaintiff's mark, the area and manner of concurrent use, and the degree of care likely to be exercised by purchasers."

The interrogatories objected to cover the period from January 1, 1955 through March 1956. Interrogatories numbered 4, 5, 7, 8, and 16 are inquiries as to such items as: (1) the number of finger rings marked "Art Crest" sold by defendant; (2) the percentage of "Art Crest" rings sold compared to the total number of rings sold by defendant; (3) the highest and lowest wholesale price of rings, both unset and set with gems, sold under the mark "Art Crest"; and (4) the name of each record book in which defendant keeps account of any items given in answers to the above questions; and, in each such instance, the name of the officer or employee who has custody of that book.

Such interrogatories go to the question of damages suffered by plaintiff, if any. The information sought by the said interrogatories could throw no supplementary light on whether or not defendant's trademark infringes plaintiff's trademarks.

Interrogatory numbered 9, which seeks to ascertain each city in which defendant has sold goods marked "Art Crest," is proper because one of the criteria to determine the question of possible infringement, as enumerated by Circuit Judge Waterman, is "the area and manner of concurrent use."

Interrogatory numbered 15 stands on a somewhat different footing. Paragraph 32 of defendant's original answer contained a counterclaim, which read:

"Plaintiff, a much larger company than defendant, has sought by threats and intimidation of defendant's customers to restrain said customers from buying defendant's goods and has thereby sought unfairly to interfere with the growth of defendant and to restrain competition."

Interrogatory numbered 15 opens with the following sentence:

"In the Counter-Claim, paragraph 32, defendant alleges that the plaintiff is a larger company than defendant. As bearing upon that allegation: \* \* \* ."

Interrogatory numbered 15 then requests information for the period from January 1, 1955 through March 1956 as to such items as: (1) the number of finger rings manufactured by defendant; (2) the number of finger rings bought by defendant; (3) the number of finger rings sold by defendant; (4) whether defendant made or sold any other item in addition to finger rings.

On the oral argument, counsel for defendant offered to delete the phrase "a much larger company than defendant" from paragraph 32. This has been done. Defendant's objection to interrogatory numbered 15 is, therefore, also sustained.

Settle order on notice.