Lewis ORGEL and The Michie Company, Plaintiffs,

v.

CLARK BOARDMAN CO., Ltd., and Alfred D. Jahr, Defendants.

United States District Court
S. D. New York.

Oct. 10, 1956.

Warner, Birdsall & Anfuso, New York City, for plaintiffs.

Wittenberg, Carrington & Farnsworth, New York City, for defendants.

EDELSTEIN, District Judge.

Defendants move under Rule 30(b), Fed.Rules Civ.Proc. 28 U.S.C.A., to limit the scope of examination before trial. Plaintiffs, in an action for copyright infringement and unfair competition, seek an injunction, damages and an accounting for profits. No jury trial has been demanded. Plaintiffs propose to examine the defendant publisher extensively on the issue of damages and profits, and defendants urge that such an examination should await the establishment of their liability.

Sinclair Refining Co. v. Jenkins Petroleum Process Co., 1933, 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, established the principles governing the discovery before trial of questions of dam-

**32**

age. When a suit is triable separately on liability and on the measure of recovery, as often happens in suits in equity and sometimes in actions at law where a jury has been waived, discovery on damages is commonly postponed until the right or liability has been established. But where the action is at law and triable by a judge and jury, discovery on damages may not practicably be delayed, for proof on that issue is presented along with proof on liability. Although the Sinclair case antedates the Federal Rules, it is still good law under the Rules. See 4 Moore's Federal Practice (2d ed.) § 26.18, page 1072.

Plaintiff has cited several cases where discovery on damages was permitted before plaintiff established his right to relief. But in Binger v. Unger, D.C., 7 F.R.D. 121, the case was to be tried to a judge and jury. Similarly, it would appear that Brewster v. Technicolor, Inc., D.C., 2 F.R.D. 186, also involved a jury trial. Whether or not a jury was called for is not apparent from the opinion in Smith v. Bentley, D.C., 9 F.R.D. 489, which cites Binger v. Unger and Brewster v. Technicolor, Inc., supra, among other cases. In Hirshhorn v. Mine Safety Appliances Co., D.C., 8 F.R.D. 11, the court rejected the analogy of a stockholders' suit for injunction and accounting to patent cases cited as authority for postponing the damages inquiry. A copyright infringement suit, of course, is directly analogous.

■■ On the ground that the plaintiff should be permitted to ascertain if an accounting would be worth while, Fox v. House, D.C., 29 F.Supp. 673, in a suit for an accounting, permitted discovery on damages before the right to an ac-

counting was established. A second ground for this result is given in The Exermont, D.C., 1 F.R.D. 574, and Smith v. Bentley, supra, where it was stated that it had not been shown that the inquiry would be burdensome or oppressive. Similarly, in Ful-Vue Sales Co. v. American Optical Co., D.C., 11 F.R.D. 185, the inquiry was not permitted on the ground that it was shown that it would be burdensome and oppressive. Nevertheless, I feel that in the exercise of judicial discretion and economy, the better view would ordinarily not permit the plaintiff to obtain discovery on the question of damages in a copyright infringement suit, until after the question of whether he has a right to damages and an accounting has been determined. Jerome v. Twentieth Century-Fox Film Corporation, D.C., 58 F.Supp. 13; Anheuser-Busch, Inc., v. Dubois Brewing Co., D.C., 3 F.R.D. 336; O'Rourke v. RKO Radio Pictures, Inc., D.C., 27 F.Supp. 996; 4 Moore's Federal Practice (2d ed.) § 26.-18, page 1072. Defendants here claim that the inquiry would be oppressive and unduly burdensome, but have not made an adequate showing to that effect. Nevertheless, it is apparent that an extensive inquiry is contemplated, and even though it may not be oppressive, it may prove to be an unnecessary burden. In addition, business competitors in the law book publishing field are involved as opposing parties, and to allow an extensive discovery into the issue of damages might result in an unnecessary disclosure of defendant publisher's business affairs to plaintiff competitor. And inasmuch as I see no prejudice resulting to the plaintiff, I am constrained to limit the inquiry into damages at this time.

Settle an order accordingly.