**LANCE, INC.**

v.

**Samuel GINSBURG, trading as Towne Foods.**

**Civ. A. No. 30422.**

United States District Court
E. D. Pennsylvania.

Nov. 27, 1962.

See also D.C., 210 F.Supp. 272.

Kennedy, Covington, Lobdell & Hickman, Clarence W. Walker, Charlotte, N. C., Ballard, Spahr, Andrews & Ingersoll, M. Carton Dittmann, Jr., Philadelphia, Pa., for plaintiff.

Caesar & Rivise, Alan H. Bernstein, Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

In this suit for unfair competition and trademark infringement, defendant has filed a 17 page answer and counterclaim containing a total of 69 paragraphs. The counterclaim seeks damages of $125,000. Many of the paragraphs of the answer and counterclaim are conclusionary in the sense that they fail to state any *facts* underlying the allegation. An example will suffice: paragraph 32 of the answer asserts "that said Certificate No. 624,624 is invalid and void. Defendant further avers that the said affidavit under Paragraphs 8 and 15 of the Trade-Mark Act of 1946 was improperly accepted by the Patent Office". Plaintiff, on the deposition of defendant, sought to elicit from defendant the facts on which this and similar allegations were based. Plaintiff also proposed to inquire into the factual basis of both the existence and amount of defendant's damages claimed in the counterclaim. Defendant, upon instructions from counsel, refused to answer and this motion to compel answers followed.

Under federal pleading, there is, of course, nothing wrong with alleging conclusions: cf., e. g., Form 9 in the Appendix of Forms to Fed.Rules of Civ. Proc., 28 U.S.C.A., under which a simple conclusionary statement that defendant "negligently drove a motor vehicle" constitutes a well-pleaded cause of action. This is not to say, however, that a party must remain uninformed until the moment of trial of the facts on which his opponent relies. Indeed, the philosophy of the federal rules is that of notice pleading, leaving the development of the facts to the broad machinery of federal discovery. With the substitution of notice pleading for fact pleading, it is only through searching discovery that one party will be able to meet the case of his adversary. There is, then, no doubt of the plaintiff's right to seek from his opponent the facts upon which he relied in making his pleading allegations: McNeice v. Oil Carriers Joint Venture, 22 F.R.D. 14 (E.D.Pa.1958); Prescan v. Aliquippa & Southern R. Co., 16 F.R.D. 272 (W.D.Pa., 1954); Gutowitz v. Pennsylvania R. Co., 7 F.R.D. 144 (E.D.Pa., 1945).

It is no answer to say that the facts constituting the basis for the conclusionary allegation are within the knowledge of counsel. In Gaynor v. Atlantic Greyhound Corp., 8 F.R.D. 302 (E.D.Pa., 1948), the court said, at page 302:

" * * * However, the opinion in Hickman v. Taylor, [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451] supra, states unqualifiedly that 'A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney.' A fortiori, he cannot refuse to answer interrogatories on the ground that the information is within the knowledge of his attorney and himself. * * * "

Nor can plaintiff's efforts to acquire factual information be frustrated by defendant's communicating that information to counsel: 58 Am.Jur. 261, "Witnesses", § 464. We conclude, then, that plaintiff is entitled to the information it seeks.

▇ How this information shall be elicited is, however, another matter. Plaintiff seeks from a seller of peanut butter sandwiches, crackers, cakes and cookies facts upon which the latter asserts, for example, that an affidavit under Paragraphs 8 and 15 of the Trade-Mark Act of 1946 is invalid. It seems to us that this, at the least, is unrealistic. It would be like asking a railroad brakeman the facts on which he alleged that a defendant railroad violated the Safety Appliance Acts, 45 U.S.C.A. § 1 et seq. To be sure, the client presumably knows the facts (although not always), but he can hardly be expected to know their legal consequences. This is what lawyers are for. Defendant, of course, when asked the factual basis for what is obviously his lawyer's allegation, could simply aver lack of knowledge. Such an answer not only would not advance plaintiff's pre-trial knowledge, but could conceivably subject defendant to an unwarranted trial hazard on cross-examination. We think the cause of justice and the fruitful advancement of discovery will be better served by refusing plaintiff's motion to compel answers on depositions to inquiries on the factual basis of conclusionary allegations. While, as we have sought to make clear, plaintiff is undoubtedly entitled to such information, we think it could be more expeditiously and more intelligently obtained by written interrogatories.

· ▇▇ The matter of inquiry into the counterclaim damages is a different story. Here, the question is not how to inquire, but whether plaintiff is entitled at this time to ask at all. Factual knowledge alone (as opposed to factual knowledge underlying legal conclusions) is sought. This, we think, can be conveniently discovered from defendant personally on oral deposition, if plaintiff is otherwise entitled to the information. We think plaintiff has a right to inquire at this stage of the proceedings into defendant's asserted damages. Defendant refers us to cases which hold that a party in this type of action is not entitled to discovery of damages until plaintiff's *right* to damages has been determined. Orgel v. Clark Boardman Co., Ltd., 20 F.R.D. 31 (S.D. N.Y., 1956); J. R. Wood and Sons, Inc., v. Reese Jewelry Corp., 19 F.R.D. 391 (S.D.N.Y., 1956); Singer Mfg. Co., v. Axelrod, 16 F.R.D. 460 (S.D.N.Y., 1954); Anheuser-Busch, Inc., v. Dubois Brewing Co., 3 F.R.D. 336 (W.D.Pa., 1943). However, these were all cases in which the issue of damages could be tried only after a determination of liability. There is nothing in the present case up to this point that requires separate trials of the issues of liability and damages on the counterclaim. Certainly, neither party has made any such request. Nor do defendant's alleged damages depend upon information that must be supplied by plaintiff, and which therefore should await a determination of liability. In short, all issues, save plaintiff's damages, if it establishes a right to an accounting, will be tried together. In Orgel v. Clark Boardman Co., Ltd., supra, the court said, 20 F.R.D. at pages 31 and 32:

" * * * Sinclair Refining Co. v. Jenkins Petroleum Process Co., 1933, 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449, established the principles governing the discovery before trial of questions of damage. When a suit is triable separately on liability and on the measure of recovery, as often happens in suits in equity and sometimes in actions at law where a jury has been waived, discovery on damages is commonly postponed until the right or liability has been established. But where the action is at law and triable by a judge and jury, discovery on damages may not practicably be delayed, for proof on that issue is presented along with proof on liability. Although the Sinclair

case antedates the Federal Rules, it is still good law under the Rules. * * * "

The principle here is no different. Since the counterclaim liability and damages will be tried together, discovery on damages cannot practicably be delayed. Plaintiff's motion to compel answers to questions relating to defendant's damages will be granted.

■ Defendant's objection to the question of the identity of defendant's accountant will be overruled.

The requests of both parties for counsel fees and expenses will be denied.

Counsel will submit an appropriate Order.