**ARGUS CHEMICAL CORPORATION,**
**Plaintiff,**

v.

**AMERICAN CAN COMPANY and M & T**
**Chemicals Incorporated, Defendants.**

United States District Court
S. D. New York.

Dec. 27, 1963.

Watson, Leavenworth, Kelton & Taggart, New York City, John R. Janes, David H. Pfeffer, New York City, of counsel, for plaintiff.

Fish, Richardson & Neave, New York City, W. Philip Churchill, Roger R. Phillips, Carl G. Seutter, New York City, of counsel, for defendants.

McLEAN, District Judge.

This is an action pursuant to 35 U.S.C. § 291 for a determination as to which of several interfering patents is valid. Two of the patents are owned by plaintiff and one by defendant M & T Chemicals Incorporated. Apparently they all cover the same invention.

Before answering, defendants served a notice to take the deposition of plaintiff. Plaintiff moves to stay the examination until the parties have simultaneously exchanged information concerning the dates of their respective inventions, including data as to the date when the invention was first described, the date when it was first disclosed, and the like.

■ Priority of invention is a critical issue in this action. It is manifest that defendants, by proceeding so promptly to examine plaintiff, hoped to compel plaintiff to take a definite position as to the date of its invention before defend-

ants, in their answer or upon their subsequent examination by plaintiff, would be required to commit themselves as to their own date. There is nothing improper in these tactics, and the moving papers afford no basis for believing or even suspecting that defendants would be untruthful in the claim which they must eventually make. Nevertheless, in cases where priority of invention is so important, this court long ago established the rule that simultaneous disclosure of the parties' claims as to their respective dates would be required. A. B. Dick Co. v. Underwood Typewriter Co., 235 F. 300 (S.D.N.Y.1916).

This rule, established under the old equity practice, has since been followed in this District despite the liberal discovery now afforded by the Rules of Civil Procedure. Mount Hope Finishing Co. v. Seneca Textile Corp., 3 Fed.Rules Serv. 33.52, Case 3 (S.D.N.Y.1940); Ginsberg v. Railway Express Agency, 6 F.R.D. 371 (S.D.N.Y.1945).

The weight of authority would seem to favor the rule, although there are decisions to the contrary in other districts, and in this district Judge Hulbert, in Binger v. Unger, 7 F.R.D. 121 (S.D.N.Y.1946), did not follow it. See 4 Moore, Federal Practice pp. 2035–2036.

■ No doubt the rule is an exception to the usual discovery procedure, but the situation in this case is also unusual. Under the particular circumstances here present, this technique commends itself to me as reasonable and fair to both sides. Accordingly, the motion is granted.

The order shall provide for the simultaneous exchange of the information described in the moving papers on a specified date not later than January 15, 1964. The examination of plaintiff shall proceed thereafter at a date to be fixed in the order.

Upon the argument of this motion, defendants orally asked for an order extending their time to answer until after their examination of plaintiff has been completed, on the ground that an exam-

ination is necessary in order to enable them to frame an answer. I am not in a position to pass upon this contention, since it is not raised by the papers before me. The order shall provide for an extension of defendants' time until January 20, 1964. This will at least give them an opportunity, before answering, to discover what plaintiff claims to be the date of its invention. If defendants feel that they need any further extension of time, they must apply for it upon a proper showing.

Settle order on notice.