**VERTICALS, INC., Plaintiff,**

**v.**

**LOUVERDRAPE, INC., Defendant.**

United States District Court
S. D. New York.
Nov. 12, 1965.

Henry L. Burkitt, New York City, for plaintiff.

Cooper, Dunham, Dearborn & Henninger, New York City, for defendant, Gerald W. Griffin, New York City, of counsel.

HERLANDS, District Judge:

Plaintiff has moved, pursuant to Fed. R.Civ.P. 30(b) and 33 for an order:

"(1) Striking Defendant's Further Interrogatories to Plaintiff, served on August 3, 1965, and staying any further pretrial discovery proceedings on the part of Defendant in view of the Memorandum Decision of the Hon. Dudley B. Bonsal, entered on July 21, 1965;

(2) Sustaining the objections of Plaintiff to said Defendant's Further Interrogatories to Plaintiff * * *."

Plaintiff has advanced six grounds for its objections to defendant's further interrogatories. The court will deal with each seriatim. For the reasons hereinafter set forth, the court finds all six grounds to be without merit. Therefore, it denies the motion and orders the plaintiff to answer defendant's interrogatories numbered 494 to 500, with the modification set forth below.

"Objection 1: Defendant is under a stay Order of which the present Interrogatories are a violation."

The stay order referred to was issued by Judge Bonsal on July 21, 1961. It was limited in scope to the taking of the deposition of plaintiff's president, which had originally been noticed for June 15, 1965, and an accompanying subpoena duces tecum. It was also limited in duration to the date when defendant served answers to certain specified interrogatories. Those answers were served on August 20, 1965—prior to the original date set for the hearing of this motion—and were not objected to. The conditions of Judge Bonsal's order having been met, defendant is free to proceed with its discovery.

"Objection 2: Defendant is not entitled to pursue simultaneously both Interrogatories and deposition for the identical discovery."

Fed.R.Civ.P. 33 provides that "Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may make such protective order as justice may require." Although the court has been informed that the defendant has proceeded to take the deposition of various officers of the plaintiff subsequent to the date oral argument was heard on the motion, no showing has been made by plaintiff that justice requires a protective order at this time. See, e. g., Taylor v. Atchison, Topeka & Santa Fe Ry., 33 F.R.D. 283, 285 (W.D.Mo.1962). See generally 2A Baron & Holtzoff, Federal Practice and Procedure § 772, at 361–62 (1961); 4 Moore, Federal Practice par. 33.09 (2d ed. 1963).

In passing, the court notes too that the original notice of deposition of June 15, 1965 was addressed to Joseph Arena, plaintiff's president, who is not a party to this suit. While, under Fed.R.Civ.P. 26(d) (2), the deposition of "any one who at the time of taking the deposition was an officer * * * of a public or private corporation * * * which is a party may be used by an adverse party for any purpose," the distinction between a party and a witness is significant because the time sequence referred to in Fed.R.Civ.P. 33 refers only to depo-

sitions of parties. Cf. Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

"Objection 3: The Interrogatories seek accounting information, and are improper."

Plaintiff's contentions are that the information sought to be elicited by the interrogatories is only necessary in the event of an accounting, and that this type of information is discoverable only after defendant has established plaintiff's liability to it on its counterclaims. These contentions are without merit. The information sought is relevant to defendant's defense to plaintiff's charge of unfair competition, as well as to defendant's own allegations of patent infringement by plaintiff. In the cases plaintiff cites in support of its contentions, the accounting information was relevant exclusively to the issue of damages. J. R. Wood & Sons, Inc. v. Reese Jewelry Corp., 19 F.R.D. 391, 393 (S.D.N.Y.1956); Singer Mfg. Co. v. Axelrod, 16 F.R.D. 460, 461 (S.D.N.Y.1954). See generally 4 Moore, Federal Practice par. 26.18 (2d ed. 1963). Therefore, even assuming arguendo that the interrogatories in question require what may be termed accounting information, plaintiff's position is untenable. See Lance, Inc. v. Ginsburg, 32 F.R.D. 51, 53 (E.D.Pa. 1962).

"Objection 4: The Interrogatories are burdensome, and are submitted only for purposes of harassment."

To prevent any undue burden on the plaintiff, defendant has agreed, "without waiving its right at a later date to proceed more fully," to limit interrogatories numbered 493 to 500 by substituting for the words "each device" (fourth and fifth words of each interrogatory) the phrase "at least twelve devices" to cover those instances where the total is more than twelve. The court accepts this voluntary modification.

"Objection 5: Defendant has already been supplied with the information necessary for its purposes."

This conclusion by plaintiff is not supported by the facts. Although the plaintiff has supplied it with certain specifications, the defendant is entitled to investigate the nature and degree of any infringement of its patents by investigation of the structures actually marketed by the plaintiff. See, e. g., Bullard v. Universal Millwork Corp., 26 F.R.D. 144, 145 (E.D.N.Y.1960).

"Objection 6: Plaintiff's Interrogatories have priority, and Defendant has not [sic] right to propound any Interrogatories at this time."

Defendant answered plaintiff's interrogatories on August 20, 1965.

For the reasons stated above, plaintiff's motion is denied in all respects, and it is ordered to answer the interrogatories in issue, as modified. So ordered.