UNITED FOUNDERS LIFE INSUR-
ANCE COMPANY, an Oklahoma
Corporation, Plaintiff,

v.

Louis J. ROUSSEL, Jr., an individual,
American Benefit Life Insurance Com-
pany, a corporation, Empire Land Cor-
poration, a corporation, George P. Dor-
sey, an individual, and Dorsey & Compa-
ny, a corporation, Defendants.

No. CIV–78–01289–D.

United States District Court,
W. D. Oklahoma.

Sept. 10, 1980.

Jack R. Lawrence, Burck Bailey, James
W. "Bill" Berry, and Robert D. Baron,
Oklahoma City, Okl., Robert F. Watson and
Larry L. Worden, Fort Worth, Tex., for
plaintiff.

David A. Ross, Washington, D.C., Terry
Guy Shipley, Noble, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Presently before the Court in this case is
Plaintiff's "Motion to Quash Notice of Dep-
osition and Deposition Subpoena Duces Te-
cum and Application for Protective Order"
and supporting Brief wherein Plaintiff
moves the Court to quash the notice of
deposition and subpoena duces tecum issued
by Defendants on April 11, 1980. Plaintiff
also seeks a protective order preventing the
discovery attempted by Defendants in said
notice and subpoena. Defendants have
filed a Brief in opposition to the instant
Motion and Plaintiff has replied thereto.

In support of its Motion, Plaintiff con-
tends that Defendants are attempting to
use discovery to subvert and avoid an issue
in this case; that the deposition notice and
subpoena were issued by the Defendants in
bad faith; and that Defendants are at-
tempting to use federal court discovery pro-
cedures to avoid an order of the District
Court of Oklahoma County, Oklahoma. De-
fendants respond that Plaintiff's Motion
does not contain the allegations necessary
to bring this matter within the purview of
Rules 45(b) and 26(c)(1), Federal Rules of
Civil Procedure; that the subpoena in ques-
tion is not unreasonable or oppressive and
does not subject any party or person to
annoyance, embarrassment, oppression or

512

undue burden or expense; and that the information sought by the subpoena is directly relevant to Defendants' defense of this action.

The notice of deposition in question stated that the deposition of the First National Bank and Trust Company of Oklahoma City, Oklahoma, would be taken by Defendants on April 24, 1980, and that the deponent would be served with a subpoena duces tecum to produce certain documents. Said subpoena directs that the deponent produce a list of all shareholders of United Founders Life Insurance Company as of January 1, 1978, and a list of such shareholders as of March 25, 1980. The subpoena further specifies that each list shall show the name, address and number of shares held by each shareholder.

In its Third Amended Complaint, the relief sought by Plaintiff includes the following:

"An order enjoining defendants Roussel, American Benefit and Empire Land from attempting to obtain a list of the names and addresses of the plaintiffs' stockholders while the defendants are in violation of the provisions of the Exchange Act as alleged herein."

Plaintiff maintains that Defendants are attempting to gain control of Plaintiff by illegal means, including an illegal tender offer and proxy contest. If Plaintiff's allegations are supported by the evidence, it appears that Plaintiff may be entitled to the injunctive relief sought prohibiting Defendants from obtaining a list of Plaintiff's shareholders while Defendants are in violation of law. *See, e.g., Studebaker Corp. v. Gittlin*, 360 F.2d 692 (Second Cir. 1966). Thus, if the requested discovery of Plaintiff's shareholders is permitted, part of Plaintiff's claim for injunctive relief will have been rendered moot. Under these unusual circumstances, the Court is of the opinion that discovery of the shareholder's list should not be permitted until the Court has determined whether Plaintiff is entitled to injunctive relief preventing Defendants from obtaining this information. *See also Cleo Wrap Corp. v. Elsner Engineering*

*Works, Inc.*, 59 F.R.D. 386 (M.D.Pa.1972); *Orgel v. Clark Boardman Co.*, 20 F.R.D. 31 (S.D.N.Y.1956). Therefore, the Court determines in its discretion and in the interest of justice that good cause exists for issuance of the protective order sought by Plaintiff. Accordingly, the Court finds and concludes that the instant Motion should be granted and the notice of deposition and the subpoena duces tecum in question should be quashed.