**Norton GARFINKLE, Individually et al., Plaintiffs,**

v.

**ARCATA NATIONAL CORPORATION, Defendant.**

**No. 72 Civ. 5344.**

United States District Court,
S. D. New York.

Sept. 10, 1974.

See also, D.C., 360 F.Supp. 1296.

Phillips, Nizer, Benjamin, Krim & Ballon by Louis Nizer, Robert R. Salman, New York City, for plaintiffs.

Carter, Ledyard & Milburn by Louis L. Stanton, Jr., New York City, for defendant.

ROBERT L. CARTER, District Judge.

OPINION

At a pretrial conference held on May 23, plaintiffs were granted leave to bring

on an oral motion for production of various documents. Memoranda and correspondence have now been submitted, and the matter is readied for determination.

The disputed documents relate to plaintiffs' first claim for relief and the answer thereto. In essence, plaintiffs allege that pursuant to an agreement with the defendant, Arcata National Corporation ("Arcata"), in which they sold their interest in several corporations in exchange for shares of the defendant company, Arcata upon written demand was required to file a registration statement with the Securities and Exchange Commission covering the plaintiffs' shares. By letter dated December 10, 1971, plaintiff, Norton Garfinkle, demanded that Arcata register approximately 200,000 shares of stock during the following eight month period. Arcata never did register the stock; its answer to the amended complaint asserts as one defense for its inaction a letter of the defendant sent to Garfinkle on or about August 25, 1972, along with an opinion letter of Arcata's counsel, advising plaintiff that his shares could be sold without registration.

Garfinkle, while denying the validity of Arcata's defense, requested production of any documents related to the August 24th opinion letter. Defendant has indicated that its general counsel, the San Francisco law firm of McCutchen, Doyle, Brown & Enersen, possesses six relevant documents, but that they are protected by the attorney-client privilege and by their status as lawyers' work-product.

There are two memoranda for which the attorney-client privilege is asserted: one is dated February 23, 1972, and refers to a conference between Mr. Ferris, defendant's vice-president and general counsel, and Mr. Felt, a McCutchen partner, on the general topic of registration; the other covers Mr. Felt's conversation with Mr. Ferris concerning "no action" letters, SEC releases and sales under Rule 144.

■ Clearly, documents prepared by an attorney to record confidential communications with his client are protected by the attorney-client privilege. *See* Colton v. United States, 306 F.2d 633 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Nonetheless, that privilege may be waived if the privileged communication is injected as an issue in the case by the party which enjoys its protection. Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc., 32 F.2d 195 (2d Cir., cert. denied, 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629 (1929). Waiver may occur by pleading the privileged material as a defense. Trans World Airlines, Inc. v. Hughes, 332 F.2d 602 (2d Cir. 1964); Smith v. Bentley, 9 F.R.D. 489 (S.D.N.Y.1949).

■ Defendant contends that there was no waiver because the opinion letter was not between it and its attorney; rather it was addressed to the plaintiff and was not privileged to begin with. Therefore, in sending the opinion letter to plaintiff, Arcata's privilege now being asserted in respect of the documents in question was in no way affected. This contention is unconvincing. Defendant has clearly injected the opinion letter into this case as a relevant matter and plaintiff is entitled to probe into the circumstances surrounding the issuance of the letter. He cannot be limited to the letter itself—the finished product. He is entitled to know how the letter came into being. Plaintiff argues appropriately that defendant simply cannot use the letter as both a sword and a shield.

The letter indicates that in rendering the opinion, counsel relied on information supplied to it by Arcata as well as the plaintiff. Moreover, in the letter from Arcata which accompanied the opinion letter (which is mentioned in the answer and attached as an exhibit) Arcata informed Garfinkle that it had reviewed his request with its counsel. It has acknowledged its communication with its attorney as a basis for its failure to register the shares and ultimately for the

issuance of the opinion letter. Plaintiff is entitled to all relevant documents bearing on the decision not to register.

There are four documents as to which defendant invokes the protection of the work product rule. They are: (1) an internal note of the McCutchen firm between an associate and a partner, containing comments on a draft of the opinion letter; (2) an associate's memorandum discussing the legal authorities underlying the letter; (3) a partner's notes on a telephone conversation with the attorney for one of the plaintiffs; and (4) the partner's notes on a telephone conversation with one of the plaintiffs.

■■ I am constrained to agree with the plaintiff that defendant's reliance on the work product principle is misplaced. That immunity, as embodied in the case law and the provisions of Rule 26(b)(3) of the Federal Rules of Civil Procedure, extends only to those documents prepared in anticipation of litigation or for trial. *See* Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Technograph, Inc. v. Texas Instruments, Inc., 43 F.R.D. 416, 418 (S.D. Practice and Procedure: Civil § 2024 N.Y.1967); Wright and Miller, Federal at 197–198. While one might argue that almost all of the work attorneys do, or the advice they dispense, is in anticipation of litigation or its avoidance, the work product immunity requires a more immediate showing than the remote possibility of litigation. This court held in Stix Products, Inc. v. United Merchants and Manufacturers, Inc., 47 F.R.D. 334, 337 (S.D.N.Y.1969), that:

> "If the prospect of litigation is *identifiable because of specific claims that have already arisen,* the fact that, at the time the document is prepared, litigation is still a contingency has not been held to render the privilege inapplicable." (Emphasis added.)

■ While the issuance of opinion letters on the registration of shares might result in liability for the parties involved, this is a routine procedure nec-

essary in the securities field and is not done with litigation in mind. Defendants have not argued or demonstrated that the requested documents were prepared in contemplation of litigation and thus the claim of work product must be overruled.

Accordingly the assertion of privilege in respect of the six documents has no merit and defendant is instructed to produce the documents in question for plaintiffs' inspection.

So ordered.