This is a petition for a writ of mandamus filed by defendant Malone Freight Lines, Inc. Plaintiff Carol Goad brought this action against Malone to enforce a judgment previously rendered in her favor by the Supreme Court of New York for $500,000.[1] In its answer, Malone admitted that the New York Supreme Court rendered a judgment and bill of costs against Malone on May 22, 1985, in the amount of $500,000. However, Malone contended as affirmative defenses that the judgment had been procured by fraud, which prevented Malone from receiving a complete, adversarial trial of the issues, and Malone also invoked the doctrine of equitable estoppel.
On December 9, 1985, Goad served interrogatories and a request for production of documents on Malone. Malone filed its responses on December 31, 1985, objecting to many of the requests on the basis that they violated the attorney-client privilege. That same day, Goad filed a motion to compel Malone to answer her interrogatories *Page 1302 
and to respond to her requests for production.
A hearing was held on this motion on January 2, 1986, before Judge Ingram Beasley of the 10th Judicial Circuit. In his order, Judge Beasley directed Malone to produce the entire claim file of Malone's New York trial counsel regarding the vehicular accident which led to the New York judgment against Malone. In addition, Judge Beasley ordered Malone to produce all correspondence from Malone's New York counsel to Malone, as well as all pretrial reports and trial reports prepared by Malone's counsel that related to the New York action.
Malone filed this petition for a writ of mandamus on January 10, 1986, asserting that many of the documents that Judge Beasley ordered produced are subject to the attorney-client privilege, under the "work product" doctrine, and, thus, are protected from discovery.
As Malone notes, confidential communications, both oral and written, between an attorney and client, are privileged, and, thus, exempt from discovery. While there are exceptions, Malone contends that none is applicable here.
However, in response to Goad's motion for summary judgment, Malone filed the affidavit of Joel Held, trial counsel for both Malone and David Goad, Carol's husband, in the New York action, alleging that the New York judgment was procured by fraud. In his affidavit, Held testified as follows:
 "1. My name is Joel Held and I am one of the attorneys who represented Malone Freight Lines, Inc. (Malone) and David Goad in the lawsuit brought by Carol Goad (the wife of David Goad) in the Supreme Court of the State of New York, Index No. 7261/32. I was admitted to the New York Bar in 1956, and have been practicing in the Supreme Court of New York for over twenty (20) years.
 "2. I had primary responsibility for preparing the defense of this action on behalf of Malone and took part in the trial of the case.
 "3. During the preparation of this case for trial, the depositions of David Goad and Carol Goad were scheduled to be taken in New York, New York.
 "4. I arranged a meeting with David Goad at my office approximately one to one and one-half hours prior to the time the depositions were scheduled to begin in order to prepare Mr. Goad for his deposition testimony.
 "5. After waiting for Mr. Goad to arrive at my office for a long period of time, I received a call from Mr. Goad. He told me that he was at the offices of the attorneys for the plaintiff (and his wife) Carol Goad, and for me to come on over and we could discuss the case in a room there.
 "6. After I arrived at the offices of the attorneys for the plaintiff, I had a short meeting with Mr. Goad wherein I reviewed with him a statement from a driver who was purportedly driving immediately in front of Mr. Goad and who had swerved to miss the parked truck in the right-hand lane right before Mr. Goad (who was traveling right behind this driver) struck the Chemical Leaman Tank Lines Truck.
 "7. At his deposition, Mr. Goad changed his version of how the accident happened and testified to a series of events materially different from how he explained the accident to me earlier. Since the vicarious liability of Malone Freight Lines, Inc. was totally dependent on a finding of liability on the part of David Goad to Carol Goad (his wife), this change in testimony, in my opinion, may have prevented Malone Freight Lines, Inc. from having a purely adversary trial on the issue of liability.
 "8. Although Mr. Goad denied consulting with the attorneys for Carol Goad, I was left with the clear impression that the testimony of David Goad, previously favorable to Malone, had somehow been altered or made less clear, to the detriment of Malone." *Page 1303 
While our research has revealed no Alabama cases on point, the United States District Court for the Southern District of New York considered a similar situation in Garfinkle v. ArcataNational Corp., 64 F.R.D. 688 (S.D.N.Y. 1974). There, plaintiff Garfinkle contended that Arcata, the defendant, was required to register some 200,000 shares of stock pursuant to an agreement between Arcata and Garfinkle. Arcata defended, claiming that an opinion letter sent to plaintiff by its counsel had informed plaintiff that the stock would not be registered. Plaintiff requested production of all documents relating to the opinion letter. Arcata claimed that this information was protected by the attorney-client privilege. The court stated:
 "Clearly, documents prepared by an attorney to record confidential communications with his client are protected by the attorney-client privilege. See Colton v. United States, 306 F.2d 633 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Nonetheless, that privilege may be waived if the privileged communication is injected as an issue in the case by the party which enjoys its protection. Kunglig Jarnvagsstyrelsen v. Dexter Carpenter, Inc., 32 F.2d 195 (2d Cir.), cert. denied, 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629 (1929). Waiver may occur by pleading the privileged material as a defense. Trans World Airlines, Inc. v. Hughes, 332 F.2d 602 (2d Cir. 1964); Smith v. Bentley, 9 F.R.D. 489 (S.D.N.Y. 1949).
 "Defendant contends that there was no waiver because the opinion letter was not between it and its attorney; rather it was addressed to the plaintiff and was not privileged to begin with. Therefore, in sending the opinion letter to plaintiff, Arcata's privilege now being asserted in respect of the documents in question was in no way affected. This contention is unconvincing. Defendant has clearly injected the opinion letter into this case as a relevant matter and plaintiff is entitled to probe into the circumstances surrounding the issuance of the letter. He cannot be limited to the letter itself — the finished product. He is entitled to know how the letter came into being. Plaintiff argues appropriately that defendant simply cannot use the letter as both a sword and a shield.
 "The letter indicates that in rendering the opinion, counsel relied on information supplied to it by Arcata as well as the plaintiff. Moreover, in the letter from Arcata which accompanied the opinion letter (which is mentioned in the answer and attached as an exhibit) Arcata informed Garfinkle that it had reviewed his request with its counsel. It has acknowledged its communication with its attorney as a basis for its failure to register the shares and ultimately for the issuance of the opinion letter. Plaintiff is entitled to all relevant documents bearing on the decision not to register."
Garfinkle v. Arcata National Corp., 64 F.R.D. at 689-90.
Similarly, in Haymes v. Smith, 73 F.R.D. 572 (W.D.N.Y. 1976), prison inmates brought an action to assure the right of inmates to organize for collective bargaining purposes within a correctional institution and to challenge the validity of procedures that had resulted in a transfer of one prisoner due to his involvement in the organizing activities. Plaintiffs sought to ask questions at a deposition hearing that would otherwise be barred by the attorney-client privilege. The court stated:
 "The attorney-client privilege may also be waived if the privileged communication is injected as an issue in the case by the party which enjoys its protection. Garfinkle v. Arcata National Corp., 64 F.R.D. 688, 689 (S.D.N.Y. 1974). By asserting the affirmative defense that `the acts alleged by plaintiff as against defendant Smith were acts performed in the reasonable belief that no constitutionally protected right of plaintiff was being infringed,' defendant Smith has placed in issue information that might otherwise be protected by the privilege. This information includes legal advice that defendant Smith may have received from counsel with respect to inmate labor union *Page 1304 
organizing and with respect to the appropriateness of responses that might be made by him in the face of such activity. To allow defendant to avoid disclosure of such information would deprive plaintiffs of information needed by them to respond to defendant Smith's affirmative defense. See Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D.Wash. 1975). I therefore find that I agree in this instance with the conclusion in Hearn v. Rhay, supra, that
 defendants impliedly waived the right to assert the attorney-client privilege with respect to any legal advice or confidential communications with [counsel] that relate to the issues of malice toward plaintiff or knowledge of plaintiff's constitutional rights. [See Wood v. Strickland, 420 U.S. 308, 321-322, 95 S.Ct. 992 [1000], 43 L.Ed.2d 214 (1975)]. . . . [D]ue to the nature of this suit, which puts the legal advice defendants received directly in issue, the policy behind the privilege is outweighed by the necessity of disclosure and the privilege is inapplicable. Id.
at 583.
 "Defendant Smith is directed to respond, upon oral deposition, to those inquiries by plaintiffs that are enumerated as Interrogatories 33 and 54 (and sub-parts therein)."
Haymes v. Smith, 73 F.R.D. at 577.
While these opinions are not binding upon this Court, we feel that they correctly state the law as it exists in Alabama. In this case, Malone chose to defend against enforcement of the New York judgment in Alabama by claiming that the judgment had been obtained by fraud. As evidence of this, Malone filed the affidavit of one of its attorneys in New York, thereby injecting privileged material into the case as an issue. Therefore, Goad is entitled to discover all material which relates to the possibility of fraud in the prior action. We do not feel that an order requiring that Malone produce the entire claim file of the New York action is too broad, especially since Held's affidavit alleges that he became aware of the fraud over the course of the litigation. The writ, therefore, is denied.
WRIT DENIED.
JONES, ALMON, SHORES and BEATTY, JJ., concur.
[1] While the facts involved in the original New York action are not clear from the record, it appears that David Goad was driving a truck owned by Malone, with his wife Carol as a passenger. The truck was involved in an accident and Carol Goad was injured. She sued both Malone and David in New York.