**In re GRAND JURY SUBPOENAS DUCES TECUM.**

**CORPORATE GRAND JURY WITNESS and "John Doe", Appellants,**

v.

**UNITED STATES of America, Appellee.**

Nos. 1554, 1556, Docket 86–6109, 86–6116.

United States Court of Appeals, Second Circuit.

Argued July 14, 1986.

Decided Aug. 4, 1986.

---

Stacey J. Moritz, New York City (John S. Martin, Jr., Philip G. Barber, Michele S. Hirshman, Beryl A. Howell, Schulte Roth & Zabel, New York City of counsel), for appellant Richard Roe Corp.

Barry S. Simon, Washington, D.C. (Brendan V. Sullivan, Jr., Richard M. Cooper, Jeanne M. Rowzee, Williams & Connolly, Washington, D.C., of counsel), for appellant John Doe.

Marcia A. Johnson, Office of Consumer Litigation, United States Dept. of Justice, Washington, D.C. (Thomas H. Roche, Asst. U.S. Atty., Reena Raggi, U.S. Atty., E.D.

N.Y., John R. Fleder, Acting Director, Office of Consumer Litigation, U.S. Dept. of Justice, Richard K. Willard, Asst. Atty. Gen., of counsel), for appellee.

Before WINTER and MAHONEY, Circuit Judges, and LASKER, District Judge.*

PER CURIAM:

This matter consists of consolidated appeals, the first by Richard Roe Corporation from a contempt order for refusing to produce documents, the second by a corporate officer from a denial of a motion to intervene.

The appeal from the order of civil contempt involves the refusal of Richard Roe Corporation to produce nine corporate documents. Although the district court held that the documents fell within the attorney-client privilege, it ordered their production on the grounds that they were subject to the crime/fraud exception to that privilege. We reverse.

The district court utilized the procedures approved in *In Re John Doe Corp.*, 675 F.2d 482 (2d Cir.1982), for resolving claims of attorney-client privilege that are countered by an invocation of the crime/fraud exception. Pursuant to those procedures, the government submitted confidential grand jury material *in camera* to the district court while the corporation submitted the disputed documents also *in camera*. The government's submission consisted of an affidavit of Marcia A. Johnson that detailed evidence before the grand jury that Richard Roe Corporation had engaged in criminal activity. The district court concluded from that affidavit that the crime/fraud exception applied from June, 1982, to October 26, 1982, and directed the production of the nine documents in question even though it found them to be protected by the privilege.

---

* The Honorable Morris E. Lasker, Senior United States District Judge for the Southern District of New York, sitting by designation.

The crime/fraud exception to the attorney-client privilege cannot be successfully invoked merely upon a showing that the client communicated with counsel while the client was engaged in criminal activity. The exception applies only when there is probable cause to believe that the communications with counsel were intended in some way to facilitate or to conceal the criminal activity. *See* E. Cleary, *McCormick on Evidence*, § 95 (3d ed.1984). While the Johnson affidavit provides a temporal nexus between the alleged crimes and Richard Roe Corporation's communications with its attorneys, it does not support a finding that those communications were in furtherance of those crimes. We have also reviewed the disputed documents submitted by Richard Roe Corporation *in camera* to the district court. We conclude that the documents themselves are insufficient alone or in combination with the Johnson affidavit to show the requisite purposeful nexus. Nor does the fact that the corporation purported to be acting upon the advice of counsel during the period in question suffice, either alone or in tandem with the other evidence presented by the government, to establish the crime/fraud exception with respect to the documents in question. And the assertion that the corporation was acting upon the advice of counsel does not establish without more, as the government contends, that the attorney-client privilege was waived.

We, therefore, reverse the orders of contempt and remand the case to the district court. To the extent that one or more of the disputed documents is subject only in part to the attorney-client privilege, appropriate redaction should be made by the district court and production of the unprivileged portion should follow.

█ The second appeal is from a denial by the district court of a motion to intervene in the enforcement proceedings discussed above. The party seeking to intervene is an officer of Richard Roe Corporation who claims that certain documents sought by the subpoena are subject to a claim by him of attorney-client privilege. We affirm.

The motion to intervene was not accompanied by an affidavit setting out a factual basis for John Doe's claim of privilege upon which the motion was based. Rather, it was accompanied only by assertions of counsel that John Doe had been represented in a personal capacity by Richard Roe Corporation's attorneys. Given the patent insufficiency of this submission, the district court was not obliged to accord John Doe an evidentiary hearing at which he might produce evidence in support of the claim of privilege and was correct in denying the motion to intervene. The fact that the documents are in the possession of the corporation is itself enough to rebut a naked claim of personal privilege without a substantial factual submission in support of the motion. Absent such a submission, possession by the corporation presumptively indicates either that the communications to counsel were in the course of the corporation's business rather than John Doe's personal affairs or that John Doe waived the privilege by disclosure of the communications to third parties, namely other employees of the corporation. Whether an adequate showing of personal privilege might ever be made in such circumstances we need not decide since the showing here was palpably inadequate. Accordingly, we do not intend to preclude by this opinion any future proffer or showing that John Doe may choose to make.

Affirmed in part, reversed in part and remanded.