**Judyth MALONEY, Plaintiff,**

v.

**SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK, Defendant.**

**No. 94–CV–714C(H).**

United States District Court, W.D. New York.

Oct. 3, 1995.

---

28

Willard M. Pottle, Jr., Buffalo, NY, for plaintiff.

Linda L. Kaumeyer, Buffalo, NY, for defendant.

**HECKMAN, United States Magistrate Judge.**

This case has been referred to the undersigned by Hon. John T. Curtin for all pretrial matters and to hear and report on dispositive motions, pursuant to 28 U.S.C. § 636(b). On July 17, 1995, plaintiff filed a motion to compel more complete responses to her discovery demands (Item 13). On August 17, 1995, after oral argument, this court entered an order granting plaintiff's motion to the extent it sought to compel the production of a list of employees newly hired or recalled by defendant between January 1, 1993 and October 31, 1994 (Item 17). The court reserved decision on plaintiff's motion to the extent it sought production of six documents as to which defendant had asserted attorney-client privilege or attorney work product protection, and directed defendant to produce those documents for *in camera* review.

The court has now had the opportunity to review those documents *in camera.* Based on that review, and for the reasons that follow, plaintiff's motion to compel the production of those documents is denied.

The background of this case as it pertains to plaintiff's motion to compel has been set forth in the court's prior order, and will be restated here only as necessary to resolve the attorney-client privilege and work product protection issues presented.

### DISCUSSION

**I. Attorney–Client Privilege.**

■ The party claiming attorney-client privilege must show that:

(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his [or her] subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his [or her] client (b) without the presence of strangers, (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort;

and (4) the privilege has been (a) claimed and (b) not waived by the client.

*First Chicago Int'l v. United Exchange Co.,* 125 F.R.D. 55, 56 (S.D.N.Y.1989); *see also United States v. Davis,* 131 F.R.D. 391, 398 (S.D.N.Y.1990).

Defendant has claimed attorney-client privilege as to two documents: (1) a letter dated December 3, 1992 from Timothy McNamara, Human Resource Director at Sisters Hospital, to James Donathen, defendant's attorney and trial counsel of record in this case, and (2) Mr. McNamara's notes of his conversation with Mr. Donathen on December 3, 1992 (Item 5, Ex. 9).

On this motion, plaintiff argues that these documents should be produced because the purpose of the communication was to enable defendant to violate the law. Plaintiff also contends that the privilege has been waived by Mr. Donathen's statement in his affidavit (Item 10) regarding the nature of the privileged communications.

■ Plaintiff has invoked the "crime-fraud exception" to the attorney-client privilege, which recognizes that otherwise privileged communications are not protected from disclosure if they relate to client communications in furtherance of contemplated or ongoing criminal, fraudulent or wrongful conduct. *In re Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032, 1038 (2d Cir.1984). The crime-fraud exception does not apply merely upon a showing that the client communicated with counsel while the client was involved in the alleged wrongdoing. The exception applies only upon a showing of probable cause to believe that the communications with counsel were intended in some way to facilitate or to conceal the wrongdoing. *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir.1994); *In re Grand Jury Subpoenas Duces Tecum,* 798 F.2d 32, 34 (2d Cir.1986); *United States v. Davis,* 131 F.R.D. 391, 407 (S.D.N.Y.1990).

■ Upon *in camera* review, I find that the crime-fraud exception does not apply to Mr. McNamara's December 3, 1992 letter to Mr. Donathen, or to Mr. McNamara's notes of his December 3, 1992 meeting with Mr. Donathen.

■ Plaintiff also claims that Mr. Donathen's revelation in his affidavit of the nature of his communications with Mr. McNamara has resulted in a waiver of the privilege. However, the law is clear that the privilege belongs to the client, and cannot be waived by the attorney without the client's consent. *In re Grand Jury Proceedings, supra,* 33 F.3d at 348; *In re von Bulow,* 828 F.2d 94, 100 (2d Cir.1987). There has been no showing in this case that Mr. McNamara waived the attorney-client privilege, or gave express or implied consent for Mr. Donathen to waive it.

Accordingly, upon *in camera* review, I find that Mr. McNamara's December 3, 1992 letter to Mr. Donathen, and Mr. McNamara's notes of his December 3, 1992 meeting with Mr. Donathen, are protected from disclosure by the attorney-client privilege.

## II. Work Product Protection.

The "work product" doctrine, outlined in *Hickman v. Taylor,* 329 U.S. 495, 509–14, 67 S.Ct. 385, 392–95, 91 L.Ed. 451 (1947), protects the work of the attorney done in preparation for litigation. *In re Grand Jury Proceedings, supra,* 33 F.3d at 348. It has been codified in Federal Rule of Civil Procedure 26(b)(3) as follows:

[A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

■ In determining whether this qualified protection applies, the initial inquiry is

**30**

"whether, in light of the nature of the documents and the factual situation in a particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 125 F.R.D. 51, 54 (S.D.N.Y.1989). The protection from disclosure offered by Rule 26(b)(3) "requires a more immediate showing than the remote possibility of litigation." *Garfinkle v. Arcata Nat. Corp.,* 64 F.R.D. 688, 690 (S.D.N.Y.1974). "Litigation must at least be a real possibility at the time of preparation or, in other words, the document must be prepared with an eye to some specific litigation." *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138, 143 (D.Del.1982).

■ Thus, the protection has been held to apply only to documents prepared "principally or exclusively to assist in anticipated or ongoing litigation." *Redvanly v. NYNEX Corp.,* 152 F.R.D. 460, 465 (S.D.N.Y.1993). If a party—or even the party's attorney—prepares a document in the ordinary course of business, it will not be protected even if the party is aware that the document may also be useful in the event of litigation. *Id.; Martin v. Valley Nat'l Bank,* 140 F.R.D. 291, 304 (S.D.N.Y.1991).

In this case, defendant has submitted for *in camera* review four documents as to which work product protection is asserted. Three of these documents are computer printouts containing "statistical and other information" pertaining to the proposed reduction in force. They were generated by Mr. McNamara on November 30 and December 3, 1992, purportedly at the direction of Mr. Donathen in preparation for the December 3, 1992 meeting (Item 10, ¶¶ 6, 10). The other document is a worksheet consisting of Mr. McNamara's notes, also prepared on November 27, 1992 in preparation for the same meeting and at Mr. Donathen's direction (*id.,* ¶ 6).

■ Upon *in camera* review, I find that the material contained in the each of these four documents was compiled or prepared at counsel's direction in anticipation of litigation. Counsel has sufficiently articulated his reasonable belief, formulated at the time the documents were prepared and based on his experience in the area of employment and labor law, that the large scale reduction in force proposed by defendant would be likely to result in litigation on behalf of affected employees. There is nothing contained in the documents to suggest that they were prepared in the ordinary course of defendant's business rather than in anticipation of the very type of claims asserted by plaintiff in this litigation.

■ Defendant has therefore met its burden of establishing work product protection with respect to these four documents. However, the work product doctrine does not absolutely protect against disclosure of non-privileged factual information contained in the documents. *United States v. Exxon Corp.,* 87 F.R.D. 624, 638 (D.D.C.1980). This is the discovery plaintiff ultimately seeks— *i.e.,* "fact work product"[1] consisting of the statistical information and analysis compiled and prepared by Mr. McNamara at Mr. Donathen's direction to aid in the evaluation of prospective employment discrimination or labor law claims anticipated as a result of the reduction in force. This type of information may be discoverable upon a showing of both substantial need for the material and the inability to obtain the substantial equivalent of the material by alternate means without undue hardship. *In re Grand Jury Proceedings, supra,* 33 F.3d at 348.

■ No such showing has been made in this case. There is no indication in the record regarding whether Mr. McNamara has been deposed or even noticed for deposition by plaintiff, and there is ample time remaining in the discovery period to do so. There is likewise no indication that such discovery

---

1. Plaintiff has not expressly requested disclosure of any "opinion work product" that might be contained in the documents. This type of material, consisting of or representing the "mental impressions, conclusions, opinions, or legal theories of an attorney ...," Fed.R.Civ.P. 26(b)(3), is "more scrupulously protected" than fact work product. *In re Grand Jury Proceedings, supra,* 33 F.3d at 348. It is entitled to "nearly absolute immunity and can be discovered only in vary rare and extraordinary circumstances." *Id.* (citing *In re John Doe,* 662 F.2d 1073, 1079 (4th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982)).

would be unlikely to reveal the substance of any non-privileged statistical and/or analytical information relevant to, or reasonably calculated to lead to the discovery of evidence relevant to, plaintiff's ADEA claim. *See* Fed.R.Civ.P. 26(b)(1).

Accordingly, I find that the computer printouts and notes generated by Mr. McNamara are entitled to the protection from disclosure afforded to "fact" work product. I also find that plaintiff has failed to meet her burden on this motion of demonstrating both her substantial need for the protected materials and her inability to obtain the substantial equivalent by alternate means.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel (**Item 13**) is denied.

**SO ORDERED.**