**MULTIFORM DESSICANTS, INC., Plaintiff,**

v.

**STANHOPE PRODUCTS COMPANY, INC., Defendant.**

**No. 93–CV–932S(H).**

United States District Court, W.D. New York.

July 12, 1996.

Michael R. McGee, Joseph Gastel, Buffalo, Laura Kolka, for Plaintiff.

Joseph Pollack, New York City, Brian P. Crosby, James Nowak, Buffalo, for Defendant.

## DECISION AND ORDER

HECKMAN, Magistrate Judge.

This case has been referred to the undersigned for pretrial matters, in accordance with 28 U.S.C. § 636(b)(1)(A). Defendant has moved to compel the production of documents and deposition testimony as to which plaintiff has asserted the attorney-client privilege (Item 38). For the following reasons, defendant's motion is granted.

### BACKGROUND

The factual background of the case has been set forth in this court's previous orders, and will not be restated here except as necessary to the determination of the pending motion. The motion was filed by defendant on October 6, 1995, seeking to compel the production of documents as to which plaintiff has asserted attorney-client privilege. The motion also sought to compel plaintiff's patent attorney Joseph P. Gastel, Esq., and corporate officer Christopher Nigon, to answer certain deposition questions (*see* Items 38 & 39). By separate motion, defendant sought an order striking plaintiff's belated designation of an additional expert witness (Item 37).

On November 20, 1995, a pretrial conference was held before the undersigned at which the issues raised by these motions were significantly narrowed. On December 12, 1995, plaintiff's counsel filed an affidavit asserting that several of the documents identified by plaintiff in its original privilege schedule have been produced pursuant to agreement between counsel (Item 53, ¶ 11). With respect to the remaining documents, plaintiff has submitted an amended privilege schedule (Item 53, Ex. A) identifying 24 documents claimed to be attorney-client privileged. The documents at issue have been filed under seal as Item 75.

After further briefing, oral argument of the motions took place on January 4, 1996. By order dated January 10, 1996 (Item 57), this court denied defendant's motion to strike plaintiff's designation of an additional expert witness for the reasons stated in open court. As to defendant's motion to compel, the court directed plaintiff to provide expert witness reports in accordance with the Federal Rules, and directed defendant to file supplemental materials in light of this report. Those materials have now been filed (Items 64, 68), and further argument was heard on July 2, 1996.

Meanwhile, on February 22, 1996, plaintiff moved to disqualify Regan J. Fay, Esq., and the law firm of Jones, Day, Reavis & Pogue, from representing defendant in this action (Items 60, 61).

What follows is this court's ruling on defendant's motion to compel.

### DISCUSSION

In its original motion papers filed on October 6, 1995, defendant requested that the court order plaintiff to produce all documents related to the subject matter on which Mr. Gastel will testify at trial as both a fact witness and as plaintiff's designated expert witness. In support of this request, defendant argued that the court should conduct an *in camera* review of the documents as to which plaintiff has asserted attorney-client privilege protection to determine "whether the client intends the communication to be confidential and therefore privileged or

whether, if there is an intent to disclose the communication to others (or if the client permits or directs the attorney to do so), there can be no confidentiality." *Hydraflow, Inc. v. Enidine, Inc.*, 145 F.R.D. 626, 633–34 (W.D.N.Y.1993) (Foschio, M.J.). Defendant also argued that, even if the documents contained or reflected privileged communications between Mr. Gastel and his client, plaintiff has waived the privilege by designating Mr. Gastel as its expert witness to testify at trial on the issues of validity, enforceability and infringement of the patent-in-suit.

The documents submitted for *in camera* review are 24 in number, many of which are duplicates. Most of the documents are letters from Mr. Gastel to plaintiff prepared while Mr. Gastel was prosecuting the patent before the patent office. In literally all of the documents, legal strategies are discussed for prosecuting the patent and presenting the claims, and options are outlined for the client to consider. Clearly, these documents contain confidential communications between attorney and client, and would normally be the proper subject of a claim of attorney-client privilege.

In this case, the real issue is whether plaintiff's designation of its patent attorney as an expert witness results in a waiver of the attorney-client privilege as to documents pertaining to the subject matter of his proposed testimony.

 The doctrine of waiver arises out of the general principle that the deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications and documents relating to the advice. *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929 (N.D.Cal. 1976) (citing *Garfinkle v. Arcata National Corp.*, 64 F.R.D. 688 (S.D.N.Y.1974); *Smith v. Bentley*, 9 F.R.D. 489 (S.D.N.Y.1949); 8 Wigmore, *Evidence* § 2327 (1961)). Thus, the attorney-client privilege "may implicitly be waived when [a party] asserts a claim that in fairness requires examination of protected communications." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.), *cert. denied*, 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991). In short, "the attorney-client privilege cannot at once be used as a shield and a

sword." *Id.; see also In re von Bulow*, 828 F.2d 94, 103 (2d Cir.1987).

In the context of patent litigation, several cases have held that where a party suing for infringement or defending against a claim of invalidity of its patent designates the attorney who prosecuted the patent as its expert witness to testify at trial, the party has waived any attorney-client privilege or work product protection from disclosure of information pertaining to the subject matter of the expert's opinion. *See, e.g., Vaughan Furniture Co., Inc. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 127–28 (M.D.N.C.1994); *Mushroom Associates v. Monterey Mushrooms, Inc.*, 1992 WL 442914, at \*2–\*3 (N.D.Cal.1992); *Bio–Rad Laboratories, Inc. v. Pharmacia, Inc.*, 130 F.R.D. 116, 123–125 (N.D.Cal.1990). As explained in the *Bio–Rad Laboratories* case, "fundamental fairness requires that [the patent holder] bear the risk of involving [its patent attorney] in the pretrial preparation when [the attorney] was also the percipient witness to the prosecution of the patent." *Bio–Rad Laboratories, supra*, 130 F.R.D. at 125.

Plaintiff does not fundamentally disagree with this doctrine. Instead, plaintiff objects to the scope of defendant's "broad claim of waiver" (Item 51, p. 2). According to plaintiff, under the holdings in the *Mushroom Associates* and *Vaughan Furniture* cases, the waiver doctrine only applies to those documents which the expert considered or relied upon in formulating his or her expert opinion (Item 51, p. 2). To support this position, plaintiff has submitted Mr. Gastel's affidavit in which he states that in testifying as an expert witness at trial, he will not "rely upon or consider privileged communications of any sort, including the documents listed on Multiform's Privilege Schedule" (Item 62, ¶ 7).

Plaintiff has filed Mr. Gastel's expert report made pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (Item 71). In the report, Mr. Gastel states that he will provide expert testimony relating to defendant's infringement of plaintiff's patent, as well as "the inadequacy of the Stanhope defenses of noninfringement, offer for sale and inequitable conduct" (*id.*, p. 3). The expert

report provides a detailed breakdown of the areas of factual and expert testimony Mr. Gastel expects to provide with respect to these issues. It also addresses defendant's claim that prior offers for sale of dessicant bags to the Frigidaire Division of General Motors establish prior art under 35 U.S.C. § 102[1] (id., pp. 5–10). Mr. Gastel denies defendant's claim that plaintiff knew about this "alleged material prior art" but intentionally withheld this information from the Patent Office during prosecution of the patent-in-suit (id., pp. 11–12). Attached to Mr. Gastel's report are claim charts comparing the elements of the patent with the products sold by Stanhope, as well as correspondence and drawings.

The pertinent question raised by defendant's motion to compel, therefore, is whether the documents listed on plaintiff's amended privilege schedule are within the scope of the waiver of attorney-client privilege that occurred when plaintiff designated Mr. Gastel as its expert witness. The *Mushroom Associates* case is controlling, and supports defendant's position. In that case, the defendants asserted that the patent-in-suit was unenforceable due to the plaintiffs' alleged inequitable conduct in withholding material information from the Patent Office regarding a Spanish patent and other prior foreign patents. The defendants moved for summary judgment, and also moved to compel the production of all attorney-client communications pertaining to the prosecution of the patent. In opposition to the summary judgment motion, the plaintiffs submitted declarations of the inventor and the patent attorney who conducted the prosecution of the patent and related foreign patents, denying any knowledge of the materiality of the information withheld or any intent to deceive the Patent Office.

In ruling on the defendants' motion to compel, the court found that by submitting the declarations of the inventor and patent attorney on the issue of inequitable conduct, the plaintiffs had voluntarily waived the attorney-client privilege with respect to all communications relating to the subject matter of the declarations. According to the court:

> When a party voluntarily waives the attorney-client privilege, the waiver extends to all communications pertaining to the subject matter of the communication. In this case, the subject matter of the waiver is the intent of the inventors and [the patent attorney] with respect to their representations before the [Patent] Office and whether they knew that the Spanish patent was material to the [patent-in-suit] application.

*Mushroom Associates, supra,* 1992 WL 442914, at *4 (citing *In re Sealed Case,* 676 F.2d 793, 809 (D.C.Cir.1982)). The court found that attorney-client communications initiated during the prosecution of the patent-in-suit were relevant to the issues of knowledge of materiality and intent to deceive. The court stated:

> Rarely will there be direct evidence of a party's intent to deceive or mislead the [Patent] Office. Such intent must frequently be determined from the facts and circumstances of the patent prosecution. Furthermore, in determining the materiality of prior art, one must know the scope of the patent being prosecuted.

*Id.* (citing *Halliburton Co. v. Schlumberger Technology Corp.,* 925 F.2d 1435, 1442 (Fed. Cir.1991)). Consequently, the court found that all attorney-client communications pertaining to the prosecution of the patent-in-suit were discoverable. *Id.*

The same analysis applies in this case. Plaintiff has submitted Mr. Gastel's affidavits and expert report detailing his expected testimony. Mr. Gastel plans to testify as to the issues of infringement, his knowledge of prior art, and defendant's allegations of inequi-

---

1. 35 U.S.C. § 102 provides, in relevant part:

 **Conditions for patentability; novelty and loss of right to patent.**

 A person shall be entitled to a patent unless—

 (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or

 (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States. . . .

table conduct. He also plans to testify about the prosecution history of this patent. By calling Mr. Gastel as a witness as to these issues, plaintiff has waived the attorney-client privilege as to all communications pertaining to the patent prosecution.

Accordingly, defendant's motion is granted. Plaintiff is directed to produce the documents at issue to defendant forthwith.

## CONCLUSION

For the above reasons, defendant's motion (**Item 38**) to compel the production of documents and deposition testimony as to which plaintiff has asserted attorney-client privilege is GRANTED.

**SO ORDERED.**