John DOE, Esq., Plaintiff–Appellant,

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 03–6145.

United States Court of Appeals, Second Circuit.

Dec. 4, 2003.

John W. Mitchell, New York, NY, for Appellant.

Linda A. Lacewell, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and Peter A. Norling and David C. James, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **VACATED AND REMANDED.**

Plaintiff-appellant John Doe, Esq., appeals from an order of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) holding him in contempt of court for failure to comply with a court order directing him to respond to a subpoena *ad testificandum.* We vacate and remand for further findings.

Doe represents an accountant ("Accountant") whose records were subpoenaed in connection with a grand jury investigation. When, in November 2002, the Accountant produced only a small number of documents in response to the subpoena, Doe explained to the government that the Accountant had a policy of returning records to his clients promptly upon completing any necessary accounting work.

Several months later, on March 18, 2003, the government executed a search warrant at the Accountant's offices. The search yielded a large volume of documents that would have been responsive to the earlier subpoena had they been in the Accountant's possession at that time. Following the search, Doe repeated to the government, both orally and in writing, that the Accountant did not keep his clients' records, but rather received them only when necessary to perform accounting work and returned them upon completion of such work. This representation was tendered as an explanation for the disparity between the number of documents that the Accountant had produced voluntarily in November 2002 and the number seized by the government several months later. However, when asked whether the Accountant

was the source of the record-keeping explanation, Doe refused to answer on the ground that an answer would breach the attorney-client privilege. The government thereupon served Doe with a subpoena *ad testificandum* requiring him to appear before the grand jury to repeat the explanation that he had proffered to the government and to reveal the source of that explanation. Doe moved the district court to quash the subpoena.

The district court, after having heard extensive oral argument but without having conducted an evidentiary hearing, ordered that Doe comply with the subpoena. Although the court found that the government had "established a basis for the crime fraud exception," it did not explain how it had arrived at this conclusion. Doe appeared before the grand jury on July 7, 2003, but refused to answer questions about communications made to him by the Accountant. That same day, the district court issued an order holding Doe in contempt of court.

We review the district court's factual findings for clear error and its contempt order for abuse of discretion. *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir.2003). However, where the district court has not made any express factual findings and the record is insufficiently developed to permit meaningful review, the appropriate course is to vacate and remand for further findings. *See, e.g., Knox v. Salinas*, 193 F.3d 123, 125 (2d Cir.1999) (per curiam).

The problem we face in this case is that the district court did not explain the basis for its conclusion that the suspected communication—namely, the record-keeping explanation—fell within the so-called "crime-fraud" exception to the attorney-client privilege. The crime-fraud exception applies when there is probable cause to believe that: (1) a fraud or crime has been committed; and (2) the communication in question was intended to further the fraud or crime. *United States v. Jacobs*, 117 F.3d 82, 87–88 (2d Cir.1997). Although the record reflects that there was probable cause to believe that the Accountant engaged in obstruction of justice, it is much less clear on the issue of whether the suspected communication to counsel was intended to further the alleged obstruction.

Specifically, the record contains little indication of the Accountant's intent in making the suspected communication. If he had simply told counsel about his record-keeping practices without ever intending that that information be conveyed to third parties, it is difficult to see how the communication could have furthered the obstruction. On the other hand, if he intended that Doe convey the record-keeping explanation to the government and thus made his communication to counsel in furtherance of the obstruction, then the crime-fraud exception might very well apply to this limited situation. *See In re Grand Jury Subpoenas Duces Tecum*, 798 F.2d 32, 34 (2d Cir.1986) (crime-fraud exception applies only "where there is probable cause to believe that the particular communication with counsel ... was *intended in some way to facilitate or to conceal the criminal activity*") (emphasis added).

Because the district court made no explicit findings concerning the manner in which the supposed communication was intended to further the Accountant's obstruction of justice, and because the record is insufficiently developed for this court to review the basis for the district court's conclusion, we vacate and remand for further findings.

Finally, the district court need not cause a breach of the asserted attorney-client privilege in making its findings because

any confidences can be preserved by proceeding *in camera* where necessary.

For the reasons set forth above, the judgment of the district court is hereby **VACATED AND REMANDED.**